291 S.E.2d 484

**STATE of West Virginia**

v.

**Kerry R. DRAKE.**

**No. 15334.**

Supreme Court of Appeals of
West Virginia.

May 18, 1982.

Henderson & Redd and Herbert H. Henderson, Huntington, for appellant.

Chauncey H. Browning, Atty. Gen. and Dana D. Davis, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Chief Justice:

In this criminal appeal from the Circuit Court of Logan County, we are asked to consider the validity of the defendant's conviction of possession of a controlled substance with the intent to deliver. The defendant, Kerry R. Drake, contends that his arrest was unlawful because it was not based upon probable cause and, therefore, the search of his person was illegal. The defendant additionally asserts that his rights were violated when he was interrogated prior to the search and arrest. For the reasons more fully set out below we decline to reverse his conviction.

In the early morning hours of December 7, 1980, the defendant was a passenger in an automobile which was traveling north on State Route 10 in the town of West Logan. The vehicle was being driven by Cheryl Randolph and the defendant was seated in the front passenger seat. Two other passengers, Pat Nedim and Tony Smoot, were located in the back seat of the vehicle. As the automobile was traveling through West Logan at a speed of approxi-

mately 50 miles an hour, its Police Chief Sparky Dingess and Patrolman Larry Queen stopped the vehicle for exceeding the speed limit of 35 miles per hour. The vehicle was pulled over into the parking lot of the Mathis Motel which is a well-lighted area.

Officer Queen asked the driver for her operator's license and registration card. She informed him that her registration card was in the glove compartment and asked the defendant to obtain the card. As the defendant reached into the glove compartment, Officer Queen for safety reasons shined his flashlight inside the car. He noticed an open beer bottle between the defendant's legs.

Officer Queen then asked the defendant to get out of the car. He observed the defendant's physical condition to be unstable and his reactions slow, and asked the defendant if he had been drinking. The defendant answered that he had a few beers. Officer Queen additionally noted that the defendant's eyes were blurred and his speech slurred. The officer then arrested the defendant for public intoxication[1] and searched him. Officer Queen had previously removed the open bottle of beer and a torn paper bag containing an empty beer carton and empty beer bottles from the right front floorboard of the car.

The search of the defendant's person revealed four bags of marijuana which combined to a total of 90 grams, a set of scales and eight empty plastic bags. At this time the defendant was placed under arrest for possession of marijuana with intent to deliver.

The defendant was indicted by the January 1981 term of the Logan County Grand Jury and charged with possession of marijuana with intent to unlawfully and feloniously sell, distribute and transfer to some person other than himself.[2] The defendant was found guilty of the charge and sentenced to a one to five year prison term.

The trial court refused to set aside the verdict and grant the defendant a new trial. The defendant was granted a stay of execution to pursue this appeal.

I.

■ The defendant argues that there was no probable cause for his arrest and that it was a pretext arrest under *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). We disagree and conclude that the trial court was correct in finding probable cause. The car was validly stopped on a speeding charge. The officer observed an open beer bottle between the defendant's legs and also a bag containing empty beer bottles. The open beer bottle violated the town's open alcoholic bottle ordinance and while it is true that the defendant was not ultimately arrested under this ordinance, this violation committed in the officer's presence, was at least sufficient to require the defendant to step out of the car.

■ The officer's observations of the physical demeanor and slurred speech of the defendant coupled with the presence of the open beer bottle were sufficient to establish probable cause for public intoxication. This situation differs entirely from *State v. Thomas, supra*, 157 W.Va. at 650, 203 S.E.2d at 453, where we found that the officers "stopped Thomas on the pretext of

1. W.Va.Code, 60–6–9, relates to public intoxication and in pertinent part provides:
   "A person shall not:
   "(1) Appear in a public place in an intoxicated condition;
   "(2) Drink alcoholic liquor in a public place;
   "(3) Drink alcoholic liquor in a motor vehicle on any highway, street, alley or in a public garage;
   　　*　　*　　*　　*　　*　　*
   "Any person who violates subsections one, two, three or four of this section shall be guilty of a misdemeanor and upon conviction

shall be fined not less than five nor more than one hundred dollars, or confined in jail not more than sixty days, or both such fine and imprisonment ..."
The intoxication charge against the defendant was dismissed because of the absence due to illness of the assistant prosecuting attorney at the scheduled hearing.

2. W.Va.Code, 60A–4–401, provides in part that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." Marijuana is a "Schedule I" controlled substance. W.Va.Code, 60A–2–204.

arresting him for intoxication but knew he was not intoxicated to the point they could make the charge stick."

■ We have traditionally recognized that probable cause for an arrest for intoxication can be based upon the arresting officer's observations of the defendant. *State v. Mullins*, 135 W.Va. 60, 62 S.E.2d 562 (1950). We have held in Syllabus Point 7 of *State v. Craft*, 165 W.Va. 741, 272 S.E.2d 46 (1980) that: "[p]robable cause to make an arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to warrant a prudent man in believing that an offense has been committed." *See also* Syllabus Point 3, *State v. Duvernoy*, 156 W.Va. 578, 195 S.E.2d 631 (1973); Syllabus Point 1, *State v. Plantz*, 155 W.Va. 24, 180 S.E.2d 614 (1971).

■ The fact that the public intoxication charge was dismissed does not invalidate the initial arrest. We have held in Syllabus Point 2 of *State v. Duvernoy*, *supra*, that: "[a]n officer, with authority to conserve the peace, may, without a warrant, arrest any person who he, upon probable cause, believes has committed or is committing a felony, though it afterwards appears that no felony was actually perpetrated." *See also* Syllabus Point 6 of *State v. Craft*, *supra*; *State v. Plantz*, *supra*; *City of McMechen ex rel. Willey v. Fidelity & Casualty Company of New York*, 145 W.Va. 660, 116 S.E.2d 388 (1960). The reason for this rule is that probable cause for an arrest is based upon a present reasonable belief that a crime is or has been committed and the ultimate conviction for the crime requires proof beyond a reasonable doubt. There will obviously be those occasions when despite a valid probable cause to arrest, a conviction cannot be obtained. The lack of a conviction however does not vitiate the initial probable cause for arrest.

Prior to the time of the defendant's arrest Officer Queen had asked him if he had been drinking and he responded that he had a few drinks. The defendant claims that he had not been given his *Miranda* rights when this question was asked and, therefore, his answer was involuntary and could not be used by the arresting officer to establish probable cause for his arrest on the intoxication charge. We find, however, that independent of this statement, the officer had sufficient probable cause to make the arrest.[3]

■ Once it is established that there was sufficient probable cause to sustain the arrest, we have recognized in Syllabus Point 6 of *State v. Moore*, 165 W.Va. 837, 272 S.E.2d 804 (1980), that: "[a] warrantless search of the person and the immediate geographic area under his physical control is authorized as an incident to a valid arrest." *See also State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978); *State v. Johnson*, 157 W.Va. 341, 201 S.E.2d 309 (1973); *State v. Wills*, 91 W.Va. 659, 114 S.E.2d 261 (1922). Consequently, we believe the trial court did not err in refusing to suppress the marijuana, scales and empty bags found on the person of the defendant.

## II.

■ The defendant argues that there was insufficient evidence to convict him of the crime of possession with intent to deliver a controlled substance. In *State v. Frisby*, 161 W.Va. 734, 245 S.E.2d 622, 624 (1978), where the appellant's van contained approximately 175 pounds of marijuana, a set of scales suitable for weighing marijuana and a quantity of empty bags, we stated:

"The appellant had far more marijuana than an average person can consume in the course of several years, and had a scale and bags which the jury could infer were for the purpose of distributing the drug. Obviously quantity, standing alone, is evidence of intent to deliver."

**3.** The issue whether statements given in violation of *Miranda* can be utilized for Fourth Amendment arrest purposes even though they could not be admitted as proof of the offense is not raised. *Cf. Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). Nor is the issue raised whether such a response may be admissible as not being made in a custodial environment. *See* Annot., 31 A.L.R.3d 565 (1970).

In the present case, there is not the quantity of marijuana as involved in *State v. Frisby, supra,* but scales and empty plastic baggies were found on the defendant. Furthermore, the amount that the defendant was carrying on his person was far more than would ordinarily be expected for personal use on the evening in question. Most courts have held that possession with intent to deliver a controlled substance can be proven by establishing a number of circumstances among which are the quantity of the controlled substance possessed and the presence of other paraphernalia customarily used in the packaging and delivery of controlled substances. *United States v. Wiener,* 534 F.2d 15 (2nd Cir. 1976), *cert. den. Wiener v. United States,* 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80; *United States v. Bermudez,* 526 F.2d 89 (2nd Cir. 1975), *cert. den. (Bermudez v. United States ),* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); *United States v. Jones,* 543 F.2d 627 (8th Cir. 1976), *cert. den. Jones v. United States,* 429 U.S. 1051, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977); *People v. Kline,* 41 Ill.App.3d 261, 354 N.E.2d 46 (1976); *State v. Thornton,* 414 A.2d 229, 234 (Me.1980); *Hollingsworth v. State,* 392 S.E.2d 515 (Miss.1981); *State v. Roseboro,* 284 S.E.2d 725 (N.C.App.1981); *Dutton v. Commonwealth,* 220 Va. 762, 263 S.E.2d 52 (1980).

■ We believe the trial court was correct in refusing the defendant's motion for a directed verdict and permitting the jury to pass on the question as we stated in Syllabus Point 3 of *State v. Frisby, supra*:

"The question of whether a person possesses a controlled substance with intent to manufacture or deliver is a jury question to be determined like other questions of intent from all the surrounding facts and circumstances, and as such intent is a basic element of the offense, it must be proven beyond a reasonable doubt."

*See also People v. Kline, supra; Commonwealth v. Fiore,* 403 N.E.2d 953 (Mass. App.1980); *State v. Mathews,* 205 Neb. 709, 289 N.W.2d 542 (1980).

■ The defendant's final argument relates to the fact that the judge refused to grant him probation since this was his first offense. We have held in *State v. Wotring,* 167 W.Va. 104, 279 S.E.2d 182, 192 (1981): "Except for clear statutory exceptions, this legislative grant of power charge places the matter of probation within the sound discretion of the trial court. *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 239 S.E.2d 660 (1977)." *See also State v. Godfrey,* W.Va., 289 S.E.2d 660, (1981).

For the foregoing reasons, we affirm the judgment of the Circuit Court of Logan County.

Affirmed.