376 S.E.2d 647

**STATE of West Virginia**

v.

**Ronald Eugene HEFNER.**

No. 17693.

Supreme Court of Appeals of West Virginia.

Dec. 28, 1988.

Robert M. Morris, Weston, for appellant.

Charlie Brown, Atty. Gen., Mary Rich Maloy, Asst. Atty. Gen., for State.

McGRAW, Justice.

This is an appeal by the appellant, Ronald Eugene Hefner, from a final order of the Circuit Court of Lewis County, entered August 26, 1986, which sentenced him to imprisonment in the county jail for a period of one year following his conviction by a jury of the misdemeanor offense of carrying a dangerous or deadly weapon without a license in violation of W.Va.Code § 61–7–1 (1984 Replacement Vol.).[1] The appellant contends that the trial court erred in refusing to exclude evidence allegedly obtained as the result of an unlawful search. We agree, and we reverse the judgment of the circuit court.

The evidence adduced below shows that on the afternoon of April 1, 1986, M. Ralph Hall, the Sheriff of Lewis County, observed the appellant sitting in front of the post office in Weston, Lewis County. Sheriff Hall approached the appellant and asked to speak to him about an undisclosed matter. When the appellant refused to discuss the matter, the sheriff returned to the county jail located across the street.

Shortly thereafter, Sheriff Hall looked out the window and saw the appellant pick up a pistol from behind the base of the flag pole in front of the post office, place the pistol in his hip pocket and walk away rapidly towards Main Street. Without stat-ing the reason, Sheriff Hall immediately dispatched a deputy to pick up the appellant. As the sheriff was about to radio the deputy to warn him that the appellant had a gun, he heard a transmission indicating that the appellant had been arrested by Officer Jessie Crites, a Weston city policeman.

Officer Crites had been patrolling Main Street when he heard a transmission over his walkie-talkie that Sheriff Hall wanted to talk to the appellant. Officer Crites saw the appellant standing in a phone booth on Main Street and observed him for a few minutes before approaching him. Officer Crites advised the appellant that the sheriff wished to speak to him and asked the appellant to accompany him to the jail. The appellant allegedly replied, "I don't give a f___ who wants to talk to me. My sister is coming to pick me up, and I am going with her." When Officer Crites again requested that the appellant accompany him, the appellant allegedly repeated his remarks in a loud and belligerent manner and began to walk away. Officer Crites stopped the appellant, placed him under arrest for disorderly conduct in violation of a city ordinance and radioed for transportation to the county jail.

The deputy dispatched by Sheriff Hall responded to Officer Crites' call and drove the appellant to the jail. The appellant was advised of his *Miranda* rights [2] and was searched in the booking room of the jail by Sheriff Hall. In the course of this search, the sheriff saw the appellant remove a pistol from his coat and place it in a bag. Sheriff Hall seized the pistol and arrested the appellant for carrying a dangerous weapon without a license.

Prior to trial on the latter charge, the appellant's court-appointed attorney filed a motion to suppress the pistol on the ground that it was obtained as the result of an unlawful search. After a hearing, conduct-

---

1. As the circumstances giving rise to this case occurred prior to the ratification of Article III, § 22 of the Constitution of West Virginia, pertaining to the right to keep and bear arms, the constitutionality of the statute under which the appellant was convicted is not in issue here.

*See State ex rel. Princeton v. Buckner,* 180 W.Va. 457, 377 S.E.2d 139 (1988).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ed on July 31, 1986, the circuit court denied the motion, and the case proceeded to trial before a jury on August 14, 1986. The appellant was found guilty and, by order entered August 26, 1986, was sentenced to incarceration in the county jail for a period of one year.

 At issue in this appeal is whether the pistol should have been excluded from evidence as the product of an unlawful search. As a general rule, a warrantless search is *per se* unreasonable, and therefore unlawful under the Fourth Amendment to the Constitution of the United States and Article III, Section 6 of the Constitution of West Virginia, unless it is shown to fall within one of the well-established exceptions to the warrant requirement. *State v. Cook,* 175 W.Va. 185, 332 S.E.2d 147 (1985); *State v. Moore,* 165 W.Va. 837, 272 S.E.2d 804 (1980). " 'The burden rests on the State to show by a preponderance of the evidence that the warrantless search falls within an authorized exception.' Syl. pt. 2, *State v. Moore,* [165 W.Va. 837] 272 S.E.2d 804 (W.Va. 1980)." Syllabus point 4, *State v. Cook,* 175 W.Va. at 188, 332 S.E.2d at 150.

 The State contends that the search of the appellant was reasonable as incident to his arrest by Officer Crites. " 'A warrantless search of the person and the immediate geographic area under his physical control is authorized as an incident to a valid arrest.' Syl. pt. 3, *State v. Drake,* W.Va. [170 W.Va. 169], 291 S.E.2d 484 (1982), *quoting,* syl. pt. 6, *State v. Moore,* [165 W.Va. 837], 272 S.E.2d 804 (1980)." Syllabus point 4, *State v. Hodges,* 172 W.Va. 322, 305 S.E.2d 278 (1983). *See Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The validity

of a search incident to arrest necessarily depends on the legality of the arrest: " 'Evidence obtained as a result of a search incident to an unlawful arrest cannot be introduced against the accused upon his trial.' Syl. Pt. 6, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syllabus Point 6, *State v. Mullins,* 177 W.Va. 531, 355 S.E.2d 24 (1987).

The appellant contends that his arrest was unlawful because the evidence was insufficient to support the charge of disorderly conduct. Unfortunately, the municipal ordinance the appellant was charged with violating does not appear in the record before this Court.[3] It is therefore impossible to address the merits of this contention.

 However, even if the evidence was not sufficient to support the disorderly conduct conviction,[4] that fact alone does not render the arrest unlawful. We have repeatedly held that the validity of an arrest without a warrant does not depend on whether the suspect is ultimately convicted of the crime. *State v. Drake,* 170 W.Va. 169, 291 S.E.2d 484 (1982); *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). Moreover, " '[a]n officer, with authority to conserve the peace, may, without a warrant, arrest any person who he, upon probable cause, believes has committed or is committing a felony, *though it afterwards appears that no felony was actually perpetrated.*" Syl. pt. 2, *State v. Duvernoy,* 156 W.Va. 578, 195 S.E.2d 631 (1973)." [Emphasis added]. Syllabus point 1, *State v. Cook,* 175 W.Va. at 188, 332 S.E.2d at 151. *See Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). The test of the validity of the arrest is whether, at the moment of arrest, the officer had knowledge of sufficient

---

**3.** Unlike breach of the peace, "disorderly conduct" was not a criminal offense at common law, and is purely statutory in nature. *See* 12 Am.Jur.2d *Breach of Peace and Disorderly Conduct* §§ 1, 28 (1964); 27 C.J.S., *Disorderly Conduct* § 1 (1959). At the time of the events giving rise to the appellant's arrest, there was no state proscription against disorderly conduct, although a statute was passed the following year. *See* W.Va.Code § 61-6-1b (1988 Cum. Supp.). Municipalities, however, have the au-

thority to enact ordinances "[t]o prevent and suppress conduct and practices which are immoral, disorderly, lewd, obscene and indecent ..." W.Va.Code § 8-12-5(19) (1984 Replacement Vol.).

**4.** The testimony at trial indicates that the appellant was found guilty of the disorderly conduct charge after failing to appear at a hearing scheduled in municipal court.

facts and circumstances to warrant a reasonable man in believing that an offense had been committed. *See State v. Hawkins,* 167 W.Va. 473, 280 S.E.2d 222 (1981), *cert. denied,* 455 U.S. 925, 102 S.Ct. 1287, 71 L.Ed.2d 468 (1982); *State v. Peacher,* 167 W.Va. 540, 280 S.E.2d 559 (1981).

■ Of course, an officer cannot generally make an arrest for a misdemeanor unless it is committed in his presence. *State v. Craft,* 165 W.Va. 741, 272 S.E.2d 46 (1980); *State v. Byers,* 159 W.Va. 596, 224 S.E.2d 726 (1976); *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974). However, the fact that a misdemeanor was not actually committed has been held not to invalidate the arrest, where the officer acted in good faith and upon a reasonable belief that the defendant's actions actually constituted an offense. *See DeChene v. Smallwood,* 226 Va. 475, 311 S.E.2d 749, *cert. denied,* 469 U.S. 857, 105 S.Ct. 184, 83 L.Ed.2d 118 (1984); *Yeatts v. Minton,* 211 Va. 402, 177 S.E.2d 646 (1970). The validity of an arrest made in good faith reliance on an ordinance is not even affected by a subsequent judicial determination that the ordinance is unconstitutional, and evidence obtained in a search incident to such arrest is generally held to be admissible at trial. *See Michigan v. DeFillippo,* 443 U.S. at 36–37, 99 S.Ct. at 2631–32; *United States v. LeFevre,* 685 F.2d 897 (4th Cir.1982); *Wright v. Bailey,* 544 F.2d 737 (4th Cir. 1976), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977); *Boeckenhaupt v. United States,* 537 F.2d 1182 (4th Cir.) *cert. denied,* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976); *Jones v. Commonwealth,* 230 Va. 14, 334 S.E.2d 536 (1985).

■ Of course, the arresting officer's good faith reliance on the invalid statute or belief in the validity of the arrest is essential to the application of this rule. As we explained in Syllabus point 4 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445

(1974): "A pretext arrest ... with foreknowledge by the officer that the charge cannot be sustained against the suspect, is an unlawful arrest because it is not founded on probable cause." The use of the arrest power as a sham to apprehend a person for purposes of further investigation on another charge is so dangerous an intrusion of privacy as to call into play the exclusionary rule. *See Moss v. Cox,* 311 F.Supp. 1245 (E.D.Va.1970).

■ We do not believe the evidence here shows that Officer Crites acted in good faith. When he initially approached the appellant, Officer Crites had no probable cause to believe that an offense had been committed. He knew only that the sheriff wished to speak to the appellant. When the appellant indicated he had no intention of talking to the sheriff, Officer Crites arrested him. However, Officer Crites did not immediately search the appellant. Instead, he radioed for transportation to the county jail, where he turned the appellant over to Sheriff Hall. Ultimately, Officer Crites did not even participate in the search of the appellant.

While the nature of the subsequent search as an incident to the arrest would not appear to be vitiated either by the delay in conducting the search,[5] or by the fact that someone other than the arresting officer made the search,[6] in this instance these facts indicate that the primary purpose of the arrest was to detain the appellant for questioning or further investigation by the sheriff. In view of the fact that Officer Crites had no probable cause to believe the appellant had committed a criminal offense, his use of the arrest power to accomplish this purpose was improper and unlawful.

In summary, we conclude that Officer Crites' arrest of the appellant was unlawful. The authorities clearly exploited this illegality to search the appellant. Accord-

---

**5.** *See United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *United States v. McEachern,* 675 F.2d 618 (4th Cir.1982); *State v. Woods,* 157 W.Va. 947, 206 S.E.2d 509 (1974).

**6.** *See Richards v. Cox,* 303 F.Supp. 946 (W.D.Va. 1969).

ingly, any evidence obtained as a result thereof was not admissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The trial court, therefore, committed reversible error in allowing the pistol to be admitted into evidence at trial.

For the reasons stated herein, the judgment of the Circuit Court of Lewis County is reversed.

REVERSED.