# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**vs.)  No. 12-1487  (Fayette County No. 12-F-87)**

**THOMAS FITZWATER,**
**Defendant Below, Petitioner**

**FILED**

**April 23, 2014**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Following a jury trial, the petitioner herein and defendant below, Thomas Fitzwater (hereinafter "Mr. Fitzwater"), was found guilty of the felony offense of possession with the intent to deliver a Schedule II Narcotic Controlled Substance, *i.e.*, oxycodone, and was sentenced to a term of two to thirty years.[1]  The sentencing order was entered October 29, 2012.  On appeal to this Court, Mr. Fitzwater, through counsel, Gregory L. Ayers, seeks a remand for a new trial based on his assertion that the prosecutor made improper, prejudicial pleas to the jury in closing argument that denied him a fair trial and violated his right to due process of law.[2]  Thus, Mr. Fitzwater asserts that his motion for a mistrial should have been granted.  Laura Young, counsel for the State of West Virginia, filed a response urging this Court to find that the underlying proceedings were proper.

Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent authorities, we determine that the circuit

---

[1]The sentence was enhanced due to Mr. Fitzwater's previous drug conviction.

[2]The notice of appeal listed four assignments of error: (1) the vehicle search was illegal; (2) the prosecutor's remarks to the jury constituted prosecutorial misconduct; (3) the jury instructions were improper; and (4) evidence was improperly admitted pursuant to Rule 404(b) of the West Virginia Rules of Evidence.  Despite the four issues set forth in the Notice of Appeal, the only error briefed and argued is the contention that the prosecutor's remarks amounted to misconduct.  Thus, the other three errors are waived.  *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.") (internal citation omitted).

court committed no prejudicial error, and its denial of the motion for a mistrial is affirmed. This Court further finds that this case presents no new or significant questions of law; therefore, it will be disposed of through a memorandum decision as contemplated under Rule 21 of the Revised Rules of Appellate Procedure.

The pertinent facts of this case started during the late night hours of January 13, 2012, when a Fayette County Sheriff's Deputy noticed that Mr. Fitzwater's vehicle had a burned out brake light. Mr. Fitzwater's actions during the traffic stop aroused the deputy's suspicions, which eventually led to the discovery of a "plastic baggie full of prescription pills" for which Mr. Fitzwater did not have a prescription. According to the trial testimony of a forensic analyst in the drug identification section of the West Virginia State Police Forensics lab, the pills recovered from Mr. Fitzwater's vehicle amounted to one hundred round blue tablets and fifty maroon pills, all identified as Oxycodone, a Schedule II controlled narcotic. The defense did not put on any evidence.

Mr. Fitzwater's focus on appeal is the prosecutor's remarks during closing arguments:

> Ladies and gentlemen, there's a black cloud over the State of West Virginia. We see it every single day. Every day. With our family members, our close friends, we see it every single day. This black cloud has traveled across the State of West Virginia. When you come here to southern West Virginia where we live, it's dark. It's dark.

> It's dark, and it's more powerful than any storm that we experienced here in West Virginia in early July and late June. Those storms don't – they didn't kill people. This storm that we battle every single day in this state kills people. It kills our families, it kills our friends, it kills the folks we went to high school with. I'm sick of it.

> You get asked in this job that I do all the time, what are we going to do? What are we going to do about this problem? What are we going to do about this problem that is killing a generation of people? It makes them break into homes. It makes them steal. First they steal from their families, and then they steal from others, people they don't know. What are we going to do about this problem, about the poison that's being sold to our kids, out family members and our friends? What are we going

2

to do about it?

> And I tell them it's difficult. It is not an easy fix to this problem that we have. The only way to combat this problem, to get this poison off our streets is right here with you, the twelve of you. The twelve of you. That's how we combat the problem here in the United States of America. It rests with you.

> It kills every single day. You open the newspaper, you look in there and, sure enough, you're going to see somebody. You're going to see somebody from the ages of –

At this point, trial counsel objected and requested that the judge declare a mistrial. The trial court sustained the objection, but the judge denied the motion for a mistrial. The jury returned a verdict of guilty. By order entered October 29, 2012, Mr. Fitzwater was sentenced to serve a term of incarceration of two to thirty years.

We have explained previously that the appeal of the denial of a motion for mistrial is reviewed under an abuse of discretion standard. "The decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. pt. 8, *State v. Davis*, 182 W. Va. 482, 388 S.E.2d 508 (1989). "A trial court is empowered to exercise this discretion only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict." *State v. Williams*, 172 W. Va. 295, 304, 305 S.E.2d 251, 260 (1983). Mindful of this applicable standard, we now examine the sole issue presented in this appeal.

To aid in the determination as to whether prosecutorial comments rise to the level of misconduct necessitating a reversal, this Court has developed the following test:

> Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Syl. pt. 6, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995). *Accord State v. Stephens*,

3

206 W. Va. 420, 426-27, 525 S.E.2d 301, 307-08 (1999). In *Sugg*, we reiterated that the record is reviewed as a whole in determining whether the prosecutor's comments, if improper, were harmless. *Sugg*, 193 W. Va. at 395, 456 S.E.2d at 486 (*citing Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144, 157 (1986)). "As to error not involving the erroneous admission of evidence, we have held that nonconstitutional error is harmless when it is highly probable the error did not contribute to the judgment." *State v. Guthrie*, 194 W. Va. 657, 684, 461 S.E.2d 163, 190 (1995). *Accord State v. Hobbs*, 178 W. Va. 128, 358 S.E.2d 212 (1987) (per curiam) (prosecutor's improper remarks must be sufficiently prejudicial to warrant reversal); *State v. Brewster*, 164 W. Va. 173, 261 S.E.2d 77 (1979) (same). In *Guthrie*, we cited with approval the United States Supreme Court in *United States v. Hasting*, 461 U.S. 499, 103 S. Ct. 1974, 76 L. Ed. 2d 96 (1983), in its holding that "an appellate court should not exercise its '[s]upervisory power to reverse a conviction . . . when the error to which it is addressed is harmless since, by definition, the conviction would have been obtained notwithstanding the asserted error.'" *Guthrie*, 194 W. Va. at 684, 461 S.E.2d at 190.

Even assuming, *arguendo*, that the remarks at issue in Mr. Fitzwater's trial constituted prosecutorial misconduct, a reversal of the conviction is not permitted absent a showing of prejudice or manifest injustice to a defendant. "A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. pt. 5, *State v. Ocheltree*, 170 W. Va. 68, 289 S.E.2d 742 (1982). *See also Guthrie*, 194 W. Va. at 684, 461 S.E.2d at 190 ("Prosecutorial misconduct does not always warrant the granting of a mistrial or a new trial. The rule in West Virginia since time immemorial has been that a conviction will not be set aside because of improper remarks and conduct of the prosecution in the presence of a jury which do not clearly prejudice a defendant or result in manifest injustice.") (internal citations omitted).

Returning to the instant case before this Court, we find that the prosecutor's closing arguments were harmless and did not prejudice the accused. The evidence in the case proved that Mr. Fitzwater possessed a large quantity of controlled substances for which he had no explanation. He had no prescription, and the number of pills was not consistent with personal use. *See State v. Drake*, 170 W. Va. 169, 170, 291 S.E.2d 484, 485 (1982) ("[I]ntent to deliver a controlled substance can be proven by establishing a number of circumstances among which are the quantity of the controlled substance possessed . . . ."). During the traffic stop, Mr. Fitzwater appeared nervous and lied to the arresting officer about the identity of the pills. No evidence was offered to the contrary, and the credibility of the evidence was not questioned. Even absent the prosecutor's remarks in closing arguments, the State had substantial evidence to prove the amount of the controlled substance, and the jury was properly instructed that the amount of the substance could be used to infer intent to

4

distribute.  The evidence, without the closing remarks, was competent proof to convict Mr. Fitzwater.  Thus, Mr. Fitzwater was not prejudiced by the prosecutor's closing arguments.

For the foregoing reasons, we affirm Mr. Fitzwater's conviction and resulting sentence.

Affirmed.

**ISSUED:  April 23, 2014**

**CONCURRED IN BY:**

**Chief Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**