Charles E. PITTS *v.* STATE of Arkansas

CR 74-34                                     509 S.W. 2d 809

Opinion delivered June 3, 1974

*Gene Worsham,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Charles E. Pitts was charged on three counts of having possessed with intent to deliver morphine, cocaine, and secobarbital contrary to the Controlled Substance Act, (Act 590 of 1971 as amended by Acts 67 and 68 of 1972). He was also charged as a habitual offender. The jury found him guilty on each count and fixed his punishment at 45 years on the morphine count, 45 years on the cocaine count and 4 ½ years on the secobarbital count. The trial court determined that the sentences should run consecutive and thus committed appellant to the penitentiary for a total of 94 ½ years. For reversal appellant contends among other things that the trial court in instructing the jury erred by commenting on the weight of the evidence and that he was thrice placed in jeopardy for the same offense.

The record shows that appellant's convictions arose out of a search of his apartment where the drugs were found by the officers.

Identical instructions (trial court's instruction No. 8) on the presumption created by Ark. Stat. Ann. § 82-2617(d) were given on each count. The instruction on the morphine count told the jury:

> "If you find the defendant possessed a quantity of Morphine, as charged in the Information, in excess of 300 milligrams, then, although you are not required to do so, you are permitted to infer that the defendant possessed with intent to deliver in violation of the Uniform Controlled Substances Act. However, you must be convinced of the defendant's guilt beyond a reasonable doubt on the whole case."

This instruction in effect told the jury that possession alone of a quantity of drugs in excess of a certain amount was sufficient to support an inference of guilt. We have consistently held such instructions improper and prejudicial as being a comment on the weight of the evidence. See *Lott* v. *State,* 223 Ark. 841, 268 S.W. 2d 891 (1954) and *Thiel* v. *Dove,* 229 Ark. 601, 317 S.W. 2d 121 (1958).

While the State contends that the other points raised in appellants' brief are raised for the first time on appeal, with which we agree, and that we should observe the well known canon that such matters will not be considered on review, we find that in view of a new trial, orderly criminal procedure demands that we comment on the double jeopardy contention. As we construe the Controlled Substance Act, Ark. Stat. Ann. § 82-2617 (Supp. 1973), the simultaneous possession for delivery of drugs classified as a narcotic drug under subsection (a)(1)(i) constitutes but one offense. Likewise the simultaneous possession of drugs classified under subsection (a)(1)(ii) would constitute only one offense. However, the simultaneous possession of drugs classified under subsection (a)(1)(i) and of drugs classified under subsection (a)(1)(ii) would constitute separate offenses.

Reversed and remanded.