STATE OF WEST VIRGINIA

*v.*

JOHN D. BARNETT

(No. 14554)

STATE OF WEST VIRGINIA

*v.*

JOHN D. BARNETT

(No. 14953)

Decided December 2, 1981.

*James H. Wolverton* for plaintiff.

*Chauncey H. Browning*, Attorney General, *Silas B. Taylor* and *Dana Davis*, Assistant Attorneys General, for defendant.

HARSHBARGER, CHIEF JUSTICE:

John D. Barnett was indicted, tried and convicted in two proceedings in Nicholas County for delivering and possessing with intent to deliver, two controlled substances—phencyclidine and secobarbital. We have consolidated his writs of error.

Scott Cooper, an informant, told state police that Barnett was selling drugs and an undercover buy was set up at Cooper's home. Trooper Robert Daniels testified that he purchased secobarbital and a leafy matter saturated in phencyclidine (PCP) from Barnett. The first jury convicted him of the PCP sale and he was sentenced to the maximum penalty allowed by law. Subsequently, he was tried, convicted and sentenced for the secobarbital sale.

I.

Neither indictment stated that he "knowingly" committed the offenses. Both charged that he "unlawfully and feloniously did deliver and possess with intent to deliver a controlled substance," Code, 60A-4-401(a)[1] language.

> An indictment which charges a statutory offense is sufficient if it substantially follows the language of the statute and fully and completely informs the defendant of the character and cause of the particular offense charged. *State v. Taylor*, 130 W. Va. 74, 42 S.E.2d 549 (1947), Syllabus Point 1.

---

[1] W. Va. Code, 60A-4-401(a) and (b):

"(a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

\* \* \*

"(b) Except as authorized by this chapter, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance."

We have interpreted this statutory crime to require criminal intent:

> Only an "intentional" or "knowing" delivery of a controlled substance is prohibited by statute, although the statute fails to expressly require criminal intent. *State v. Dunn*, 162 W. Va. 63, 246 S.E.2d 245 (1978), Syllabus Point 3.

But in *State v. Frisby*, 161 W. Va. 734, 245 S.E.2d 622, 624 (1978), we found Code, 60A-4-401(a) constitutional despite its lack of definition of intent, when a jury applying it was properly instructed about each element of a crime that must be proven beyond a reasonable doubt, including intent.

A judge must instruct that the prosecution must prove beyond a reasonable doubt each element of a crime, specifying the elements. 75 Am.Jur.2d *Trial*, §§575, 710-721; 30 Am.Jur. *Evidence*. §1172. Intent cannot be presumed when it is an element of the crime charged. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *State v. Pendry*, 159 W. Va. 738, 227 S.E.2d 210 (1976). We wrote in *Dunn* and *Frisby* that intent is an element of a Code, 60A-4-401(a) crime. We said specifically in *Dunn, supra* 246 S.E.2d at 252:

> In this case, where the defendant is charged with delivery of a controlled substance, a felony carrying serious penal sanctions, see *Thomas v. State*, 522 P.2d 528 (Alaska 1974), the trial court *should have instructed on these essential elements of knowledge and intent.* Such a holding is actually a necessary implication inherent in the statutory wording. "[D]elivery" is defined in W. Va. Code §60A-1-101(f) as "the actual, constructive, or attempted transfer from one person to another of a controlled substance * * *" Surely, only an "intentional" or "knowing" delivery of a controlled substance is prohibited by statute, although the statute fails to expressly require criminal intent. (Emphasis added.).

Barnett's juries were instructed that "if they believe from all the evidence beyond a reasonable doubt, that the

accused, at the time and place alleged in the indictment herein, committed the crime charged against him in said indictment, then they should find him guilty as charged in the indictment herein." There was no intent instruction. Therefore, these instructions were inadequate to advise the jury of elements that the state must prove.[2]

We reverse the convictions and remand.

## II.

Did a second trial violate Barnett's state constitutional protection against multiple trials for the same offense in W. Va. Const. art. III, §5? Citing *State ex rel. Dowdy v. Robinson*, 163 W. Va. 154, 257 S.E.2d 167 (1979), and *State ex rel. Johnson v. Hamilton*, ___ W. Va. ___, 266 S.E.2d 125 (1980), Barnett argued that sale of different drugs to one person at one time and place constituted the "same transaction" for double jeopardy.

Prior to *Dowdy*, our double jeopardy law prohibited a second trial on the greater of two offenses arising from the same transaction when there was a conviction or acquittal on the lesser offense. *State ex rel. Zirk v. Muntzing*, 146 W. Va. 878, 122 S.E.2d 851 (1961). This rule was imposed upon all states by U. S. Supreme Court interpretation of the federal jeopardy clause. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). We had not adopted the same transaction test, as construed in *Dowdy* and *Johnson* when Barnett was tried. We used the "same evidence" test explained in *Iannelli v. United States*, 420 U.S. 770, 785, 95 S. Ct. 1284, 43 L. Ed.2d 616 (1975), Footnote 17, citing *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

We need not decide whether these two trials would have violated our double jeopardy clause by pre-*Dowdy* standards. We note that *Dowdy* and *Johnson*, as articulations of

---

[2] If an instruction is unclear so that the jury fails to comprehend a critical element of the crime, it is reversible error not to reinstruct the jury. *State v. McClure*, 163 W. Va. 33, 253 S.E.2d 555, 558 (1979). Certainly, by analogy, total failure to instruct on a critical element is reversible.

a constitutionally required same-transaction test for double jeopardy, were modified by *State ex rel. Watson v. Ferguson,* ____ W. Va. ____, 274 S.E.2d 440, 444 (1980), wherein we adopted a procedural joinder rule for criminal offenses arising from the same transaction. *Watson* now requires that Barnett's charges be tried together: the indictments should be consolidated.

Delivery of two controlled substances at the same time and place to the same person is one offense under our double jeopardy clause. It violates one statutory provision, Code, 60A-4-401(a). Criminal statutes must be strictly construed against the State, *State v. Ball,* ____ W. Va. ____, 264 S.E.2d 844 (1980). Code, 60A-4-408(b),[3] our drug-dealing recidivist statute, reinforces our opinion that separate convictions and punishments would violate our double jeopardy clause.

The state may prove delivery of both drugs, but defendant can only be sentenced once. There is differing authority in the nation on this point, but reasoning in those cases that make it a single offense, is more persuasive. *Parmagini v. United States,* 42 F.2d 721 (9th Cir. 1930); *Braden v. United States,* 270 F. 441 (8th Cir. 1920); *United States v. Martin,* 302 F. Supp. 498 (W.D. Pa. 1969), *affirmed,* 428 F.2d 1140 (3d Cir. 1970), *cert. denied,* 400 U.S. 960, 91 S.Ct. 361, 27 L.Ed.2d 269; *Pitts v. State,* 256 Ark. 693, 509 S.W.2d 809 (1974); *People v. Manning,* 71 Ill.2d 132, 15 Ill. Dec. 765, 374 N.E.2d 200 (1978); *Duncan v. State,* Ind., 412 N.E.2d 770 (1980); *State v. Butler,* 112 N.J. Super. 305, 271 A.2d 17 (1970); *State v. Flaherty,* 33 Or. App. 251, 576 P.2d 31 (1978); *Contra, State v. Adams,* 364 A.2d 1237 (Del. Super. 1976); *State v. Williams,* Mo. App., 542 S.W.2d 3 (1976); *State v. Meadors,* 177 Mont. 100, 580 P.2d 903 (1978); *State v. Collier,* Tenn., 567 S.W.2d 165 (1978); *Melby v. State,* 70 Wis.2d 368, 234 N.W.2d 634 (1975).

---

[3] W. Va. Code, 60A-4-408(b):

"For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs."

Barnett appealed both convictions, has won, and of course, can be retried without double jeopardy interference. *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed.2d 1 (1978); *State ex rel. Kincaid v. Spillers*, ___ W. Va. ___, 268 S.E.2d 137 (1980). A consolidated retrial on both charges will not offend double jeopardy principles.

Other errors alleged by defendant seem without merit, and we need not discuss them.

*Reversed and remanded.*