Clarence McCULLOUGH *v.* STATE of Arkansas

CA CR 93-157                                          866 S.W.2d 845

Court of Appeals of Arkansas
Division II
Opinion delivered December 1, 1993

*McArthur & Finkelstein,* by: *William C. McArthur,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Clarence McCullough was convicted in a bench trial of possession of a controlled substance with intent to deliver and sentenced as a habitual offender to twenty years in the Arkansas Department of Correction. On appeal he argues that the evidence was insufficient to support the verdict and that the judge erred in sentencing him as a habitual offender.

In *Harris* v. *State,* 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court held that when there is a challenge to the sufficiency of the evidence, we must review that point prior to considering any alleged trial errors and, in doing so, we must consider all the evidence, including any which may have been inadmissible, in the light most favorable to the appellee. We affirm the conviction if there is substantial evidence to support the decision of the trier of fact. *Ryan* v. *State,* 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Williams* v. *State,* 298 Ark. 484, 768 S.W.2d 539 (1989); *Ryan, supra.*

When considered in the light most favorable to the appellee

there was evidence that on January 30, 1992, Detectives Kevin Tindle and Steuart Sullivan of the Little Rock Police Narcotics Unit entered the Highland Court area at approximately 6:30 p.m. They observed a group of people standing near an apartment, and when they pulled up and started to get out of the patrol car two men turned as if to leave. Detective Tindle testified he ordered the men to stop and identified himself as a police officer, but they broke and ran. As appellant was running between two apartment buildings, Tindle saw appellant drop a white container from his hand. Tindle chased, caught, and arrested the second man while appellant was chased and apprehended on 12th Street by two other detectives. Tindle then took appellant into custody and went back to the area, where he had seen appellant drop something, and retrieved a white pill bottle and what proved to be narcotics, which were scattered over a five to ten foot area. Detective Tindle said he took the evidence and both men to the narcotics annex where the evidence tested positive for cocaine. He also related that appellant first gave officers a false name.

Detective Steuart Sullivan testified that when the men started running he circled a building in order to cut them off. When he saw Detective Tindle capture the other man, he chased appellant and eventually caught him on 12th Street. According to Detective Sullivan, he was present when another officer searched appellant, but no evidence was found on him.

Nick Dawson, a chemist with the Arkansas State Crime Laboratory, testified that he had performed three screening tests on each of the eleven pieces of evidence submitted to him by Detective Tindle and analyzed them by thin layer chromatography and infrared spectrometry. The substance tested to be 1.645 grams of 92 percent pure cocaine base.

Appellant first argues that the evidence was not sufficient to support the verdict. He points to testimony that in the area where the men ran between the two apartment buildings, it was very dark; Detective Tindle was unsure which hand appellant held the bottle in; several men ran from the scene; no other officer could confirm that the bottle was dropped by appellant; and since the cocaine was scattered over the ground, rather than being contained in the pill bottle, there was no evidence to show the cocaine was contained in the pill bottle.

■ The testimony of Detective Tindle that he saw appellant drop a white pill bottle as he was running down a path; that he later retrieved the bottle and what appeared to be its contents, which were scattered about five to ten feet down the path; and that the recovered material tested positive for cocaine is adequate to support the verdict.

■ The uncorroborated testimony of one State's witness is sufficient to sustain a conviction. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992); *Carmichael* v. *State*, 296 Ark. 479, 757 S.W.2d 944 (1988); *Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d 916 (1988); Davis v. State, 284 Ark. 557, 683 S.W.2d 926 (1985). Although the evidence that the cocaine was in the pill bottle was circumstantial, circumstantial evidence may constitute substantial evidence. *Sheridan* v. *State*, 313 Ark. 23, 852 S.W.2d 772 (1993); *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989). To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence, but this is a question for the fact finder to determine. *Sheridan, supra*; *Bennett* v. *State*, 308 Ark. 393, 825 S.W.2d 560 (1992). We think, since Detective Tindle saw appellant throw down a white bottle and eleven pieces of cocaine were found within a few feet of the bottle, the trier of fact could find that the only reasonable hypothesis was that the cocaine was in the bottle when it hit the ground. In addition, the fact that appellant fled from the officers, and when he was caught, gave them a fictitious name may also be indicative of guilt. Flight to avoid arrest and the use of a false name can be considered as corroboration of evidence tending to establish guilt. *Riddle* v. *State*, 303 Ark. 42, 791 S.W.2d 708 (1990); *Austin* v. *State*, 26 Ark. App. 70, 760 S.W.2d 76 (1988).

Appellant also argues that the trial court erred in sentencing him as a habitual offender. The record shows that on August 20, 1991, appellant entered a negotiated plea of guilty to possession of a controlled substance (1 count) and possession of drug paraphernalia (1 count), and was sentenced to three years probation conditioned upon compliance with written rules of conduct. Appellant argues that these two convictions should be considered only one conviction because of the circumstances surrounding the charges in that case. Counsel for the defendant argued to the trial court that because appellant was charged with

possessing drugs and the paraphernalia with which to use the drugs, the two felony convictions should be regarded as only one conviction for enhancement purposes. The issue was reserved until sentencing.

At the time of sentencing the trial judge relied upon the case of *Pitts* v. *State*, 256 Ark. 693, 509 S.W.2d 809 (1974), in which Pitts had been convicted of possession with intent to deliver mor-phine, cocaine, and secobarbital and sentenced to forty-five years each for the morphine and cocaine and four and one-half years for the secobarbital, to run consecutively. Our supreme court reversed and remanded because the judge had commented on the evidence during instructions. The court also said:

> As we construe the Controlled Substance Act, Ark. Stat. Ann. § 82-2617 (Supp. 1973), [now Ark. Code Ann. § 5-64-401 (1987)] the simultaneous possession for delivery of drugs classified as a narcotic drug under subsection (a)(1)(i) constitutes but one offense. Likewise the simultaneous possession of drugs classified under subsection (a)(1)(ii) would constitute only one offense. However, the simultaneous possession of drugs classified under subsection (a)(1)(i) and of drugs classified under subsection (a)(1)(ii) would constitute separate offenses.

256 Ark. at 695, 509 S.W.2d at 811. The judge in this case held that *Pitts* did not apply because possession of a controlled substance and possession of drug paraphernalia fall under two separate statutes and both offenses are felonies. Appellant was sentenced as a habitual offender to twenty years in the Arkansas Department of Correction.

But appellant argues that since Ark. Code Ann. § 5-4-501(c) (Supp. 1993) provides that burglary and the underlying felony are considered a single felony conviction and since simultaneous possession of drugs classified in the same statute subsection constitute only one offense, it should logically follow that possession of crack cocaine and possession of the pipe with which to smoke it should be considered only one offense.

In *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990), the appellant argued that previous offenses of robbery and theft of property over $2,500 should be considered as a single con-

viction for sentence enhancement purposes because the theft occurred during the course of the robbery. Again the Arkansas Supreme Court rejected this argument. After quoting Ark. Code Ann. § 5-4-501(c) the court stated:

> No such formula exists with respect to *robbery*, and, in the absence of such specific language, we decline to write into the legislation a provision that the legislative branch has failed to enact, presumably by design, in relation to the statutory definition of robbery.

> Nor are the appellant's 1978 convictions of robbery and theft of property conceptually connected. Just as the burglary and battery convictions in *Shockley* v. *State*, 291 Ark. 251, 724 S.W.2d 156 (1987), arising from the shooting of a policeman responding to a burglary report, were held to be "entirely separate and not subject to being counted as one offense under the habitual offender statute," so here separate acts resulting in separate convictions are involved.

303 Ark. at 353, 797 S.W.2d at 426 (emphasis in the original).

■ This principle may be applied to the instant case. Appellant had previously entered a plea of guilty to possession of a controlled substance, a violation of Ark. Code Ann. § 5-64-401 (Supp. 1993), a felony, and possession of drug paraphernalia, a violation of Ark. Code Ann. § 5-64-403 (1987), also a felony. Therefore, the trial judge was correct in finding that appellant had been convicted of two previous felonies and sentencing him accordingly.

Affirmed.

COOPER and PITTMAN, JJ., agree.