Donnie Eugene HUDSON *v.* STATE of Arkansas

CA CR 95-452                                                    919 S.W.2d 518

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1996

*William R. Mayo*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Donnie Eugene Hudson was convicted by a jury on two counts of delivery of a controlled substance (prophylhexedrine) on September 22, 1994. He was sentenced as a habitual offender to five years in the Arkansas Department of Correction on each count, with the sentences to run concurrently. Appellant contends on appeal that the evidence was insufficient to support the jury's verdict and that the trial court erred in overruling his motion to dismiss. We find no error and affirm.

■ In reviewing the sufficiency of the evidence on appeal, we review the evidence in the light most favorable to the appellee and affirm if the verdict is supported by substantial evidence. *Ramey* v. *State*, 42 Ark. App. 242, 863 S.W.2d 839 (1993). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *McCullough* v. *State*, 44 Ark. App. 99, 866 S.W.2d 845 (1993).

Frankie Hart, Detective Sergeant of the Rogers Police Department, testified that in 1990 he was working undercover with the 19th Judicial Drug Task Force in the Siloam Springs area. He testified that he made contact with the appellant through a confidential informant, Lee Elmore, on October 8, 1990. On October 12, 1990, Detective Hart and the informant went to the apartment of Stacy Warder, the appellant's girlfriend, and discussed a drug transaction with the appellant. Detective Hart testified that shortly after he arrived the appellant mixed some water and a powdery substance in a spoon, drew some of the solution into a syringe, and injected the solution into appellant's left arm. Further testimony indicated that the appellant removed a plastic bag from a basket, located on a shelf in the living room, and handed it to Detective Hart. Hart testified that the bag contained an off-white powdery substance, which the appellant represented to be three-and-a-half grams of methamphetamine. Detective Hart paid the appellant $250.00 for this substance, which later test results revealed to be prophylhexedrine.

On October 22, 1990, Detective Hart informed the appellant that he was interested in purchasing "a couple of eight-balls" of methamphetamine. The appellant contacted Hart by calling him on Hart's pager the next day, October 23, 1990. Hart went back to Stacy Warder's apartment and made contact with the appellant.

Appellant went to the same shelf and basket in the living room and retrieved three plastic packets. Appellant stated that the packets weighed a total of eight-and-one-half grams. However, Detective Hart brought his own scales to weigh the substance because of the appellant "cheating or shorted" him in the past. Hart's scales revealed the substance only weighed five grams, and later tests revealed that substance was in fact prophylhexedrine. Hart paid the appellant $250.00 for three-and-one-half grams and the appellant gave Hart the other one-and-one-half grams to make up for another deal that was "short."

The appellant argues on appeal that the State's evidence was insufficient because it rested solely on the testimony of Detective Hart. He contends that the testimony of the confidential informant, Lee Elmore, and the appellant's wife, Retha Hudson, contradicted Hart's testimony, therefore the evidence was insufficient. However, decisions regarding the credibility of the witnesses, and the weight to be given their testimony, are for the trier of fact to resolve. *Neble v. State*, 26 Ark. App. 163, 762 S.W.2d 393 (1988). We find that there was substantial evidence to support the jury's verdicts.

Appellant's second point is that the trial court erred in failing to dismiss the charges against him. He argues that because the legislature "dropped" prophylhexedrine from the statutory schedule of controlled substances after the date of the offense, the delivery of prophylhexedrine was effectively decriminalized and he could no longer be convicted of the charged offenses. Appellant failed to cite the previous or current statutes that he alleges were changed and "decriminalized" his conduct. We note on this point, however, that there is a general statute that deals with retroactivity, Ark. Code Ann. § 1-2-120(b) (1987), which states:

> (b) When any criminal or penal statute is repealed, all offenses committed or forfeitures accrued under it while it was in force shall be punished or enforced as if it were in force, notwithstanding the repeal, unless otherwise expressly provided in the repealing statute.

We find that appellant's argument has no merit and the motion to dismiss was properly denied.

Affirmed.

COOPER and STROUD, JJ., agree.