William Lamont TURNER *v.* STATE of Arkansas

CA CR 98-391                                    984 S.W.2d 52

Court of Appeals of Arkansas
Division IV
Opinion delivered December 16, 1998

*William F. Cavenaugh,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Ass't Att'y Gen., and *Sharon Taylor,* Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with residential burglary and theft of property. After a bench trial, he was convicted of those offenses and sentenced to twenty years in the Arkansas Department of Correction. From that decision, comes this appeal.

For reversal, he contends that the trial court erred in denying his motion for a directed verdict and in denying his motion to suppress an eyewitness's identification of his hat. We affirm.

We first address appellant's contention that the trial court erred in denying his motion for a directed verdict.

> Motions for directed verdict are treated as challenges to the sufficiency of the evidence. When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the state. Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other. Only evidence supporting the verdict will be considered.

*Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998) (citations omitted). Appellant was convicted of residential burglary and theft of property. Residential burglary is committed when a person "enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201(a)(1) (Repl. 1997). Theft of property is committed when a person "knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof." Ark. Code Ann. § 5-36-103(a)(1) (Repl. 1997). Appellant argued in his motion for a directed verdict that the State had failed to prove that he unlawfully entered an occupiable structure with the purpose to commit a crime therein; that the State failed to prove that he knowingly took the property of another with the purpose of depriving the owner thereof; and that the State failed to prove the value of the items taken.

Viewing the evidence, as we must, in the light most favorable to the State, the record shows that an eyewitness telephoned the police department on April 30, 1997, to report that two black males were removing a television, stereo, and VCR from a house across the street from his on West 17th Street and placing the items in a green trash can. One of the men was wearing a gray hat. He testified that the men then pulled the trash can down the street, placed it near a vacant house, and began walking up 17th Street toward Maple. Finally, the eyewitness testified that, about fifteen minutes after he reported the incident, the police returned with

two suspects, one of whom was wearing a hat like the one he had seen on the burglar.

The victim testified that, on the day in question, she returned to her home on West 17th Street and found that the door had been broken, and that a television, stereo, and VCR were missing. She further stated that the remote controls for those devices were also missing.

Officer Jim Tankersley, a patrolman with the Little Rock Police Department, testified that he and another police officer were dispatched on April 30, 1997, to investigate a burglary in progress on West 17th Street. He stated that he was informed that the eyewitness had described one of the burglars as wearing a gray shirt, tan short pants, and a black hat, while the other was described as wearing a white t-shirt and tan pants. Officer Tankersley further testified that, when he was approximately one and one-half blocks south of the burglary scene, he observed two men walking southbound dressed in a manner virtually identical to that described by the eyewitness. The officers stopped the two men and noticed that appellant had a remote-control unit sticking out of his pants pocket. When appellant was patted down for weapons, two more remote control units were found in his pockets. Appellant was wearing a hat that Officer Tankersley described as either black or dark gray. When asked by Officer Tankersley to identify himself, appellant gave a false name and date of birth. Appellant and the other man accompanied the police officers to the burglary scene; while en route they found and inspected the trash can that had been pulled up to the vacant house. Inside the trash can the officers found a GE television, a Sharp stereo, and an Emerson VCR. The brand names on these items matched the brand names on the remote-control units that were found on appellant.

We think that the testimony recounted above is sufficient to show that appellant exercised unauthorized control over the victim's property for the purpose of depriving her thereof, and that he did so by means of entry into an occupiable structure. His possession of remote-control units matching the items found in

the trash can, his dress and description, and his proximity in time and space to the crime scene constitute circumstantial evidence of guilt, but circumstantial evidence may constitute substantial evidence when it excludes every other reasonable hypothesis. *McCullough v. State*, 44 Ark. App. 99, 866 S.W.2d 845 (1993). Furthermore, appellant's use of a false name when asked to identify himself is evidence of his consciousness of guilt. *Id.* We think that the trier of fact in the case at bar could conclude, on this record, that the evidence presented excluded every other reasonable hypothesis but guilt, and we hold that the trial court did not err in denying appellant's motion for a directed verdict.

■ Appellant next contends that the trial court erred in denying his motion to suppress an eyewitness's identification of his hat because it raised a substantial possibility of irreparable misidentification. We find no error. At a pretrial suppression hearing, the trial judge suppressed the eyewitness's identification of the appellant's person as unduly suggestive because the eyewitness could not identify appellant as the individual he observed committing the burglary, but only as the individual he saw in the police car afterwards, wearing a hat like that worn by the burglar. However, the trial judge did permit the eyewitness to testify that he saw appellant wearing a similar hat at a later time and, on appeal, appellant argues that this was error. We do not agree. In so holding, we are persuaded by the reasoning of the court in *Johnson v. Ross*, 955 F.2d 178 (2d Cir. 1992), which held that the identification of clothing is not a procedure so inherently conducive to irreparable misidentification as to constitute a denial of due process.

Affirmed.

ROGERS and STROUD, JJ., agree.