# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia, Plaintiff Below,
Respondent

vs) No. 14-1097 (Calhoun County 14-M-2)

Christopher Keith Ferrell, Defendant Below,
Petitioner

**FILED**

June 22, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Christopher Keith Ferrell, by counsel Justin White, appeals the Circuit Court of Calhoun County's September 22, 2014, order that sentenced him to one year of incarceration for two counts of possession of a controlled substance. Respondent, the State of West Virginia (the "State"), by counsel Patrick Morrisey and Laura Young, filed a response. On appeal, Mr. Ferrell argues that the circuit court abused its discretion and committed plain error in sentencing him to consecutive maximum sentences for the two underlying charges of misdemeanor possession of a controlled substance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 21, 2013, Mr. Ferrell was arrested for operating a clandestine drug lab, possessing a controlled substance with intent to deliver, and conspiring to operate a clandestine drug lab.[1] He was indicted on the following counts: one count of operating a clandestine drug lab; one count of purchase, receipt, acquisition, and possession of substances to be used as a precursor to manufacture methamphetamine or another controlled substance; two counts of exposing children to methamphetamine manufacturing; one count of conspiracy; and one count of possession with intent to deliver a controlled substance. Each of these six counts are felonies.

On July 1, 2014, the State and Mr. Ferrell entered into a plea agreement. The plea agreement called for Mr. Ferrell to plead guilty to two counts of possessing a controlled substance in violation of West Virginia Code Section 60A-4-401(c) [2011].[2] One count

---

[1] Mr. Ferrell possessed methamphetamine and hydrocodone at the time he was arrested.

[2] Under West Virginia Code Section 60A-4-401(c), it is unlawful to possess a controlled substance not obtained pursuant to a valid medical prescription.

1

pertained to methamphetamine, while the other count pertained to hydrocodone. In return, the State would move for the circuit court to dismiss all six felony counts in the original indictment. Before Mr. Ferrell entered his plea, the circuit court explained to him the following: (1) that the plea agreement called for him to plead guilty to two separate misdemeanors, (2) that each separate count carries a maximum sentence of six months in jail, and (3) that the total sentence on the two counts could be one year in jail. Mr. Ferrell stated that he understood the agreement and accepted the plea. Thereafter, Mr. Ferrell pled guilty to two counts of possession of a controlled substance.

At Mr. Ferrell's sentencing hearing, his lawyer asked that the circuit court either impose the sentences concurrently or place him on home confinement or probation in lieu of incarceration. By contrast, the State requested that the circuit court sentence Mr. Ferrell to the maximum punishment of six months per count, which would run consecutively to total one year in prison. The State reasoned that Mr. Ferrell had an extensive criminal record and that he tested positive for illegal drugs at the time of the pre-sentence investigation. The State further argued that the circuit court had already explained to Mr. Ferrell that if he accepted the plea bargain, he could be sentenced for six months on each count, one year in total.

In a sentencing order dated September 22, 2014, the circuit court gave Mr. Ferrell the maximum sentence on both counts of illegal drug possession, six months per count. The circuit court ran the two sentences consecutively, meaning that Mr. Ferrell's total sentence was one year in prison. In its order, the circuit court noted that Mr. Ferrell had an extensive criminal record and that it did not appear that he could abide by the terms and conditions of home confinement.

Mr. Ferrell appeals the circuit court's sentencing order and requests that we remand the matter with instruction to run the sentences concurrently.

Our standard of review in regards to sentencing orders is set forth in Syllabus Point 1 of *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997), which provides: "[t]he Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."

On appeal, Mr. Ferrell argues that, by running his two sentences consecutively, the circuit court violated Article III, Section 5 of the West Virginia Constitution's proportionality clause. Article III, Section 5 of the West Virginia Constitution provides:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. *Penalties shall be proportioned to the character and degree of the offence.* No person shall be transported out of, or forced to leave the state for any offence committed within the same; nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offence.

*Id.* (emphasis added).[3]

Mr. Ferrell contends that the circuit court was required to run the two sentences against him concurrently because the only difference between the sentences is that they are based on two different drugs: methamphetamine and hydrocodone.

This court has held that the proportionality clause applies to "sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 3, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). Furthermore, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). *See also State v. Sugg*, 193 W. Va. 388, 406, 456 S.E.2d 469, 489 (1995) ("We will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute.").

The maximum sentence for illegal drug possession under West Virginia Code Section 60A-4-401(c) is six months per count. Mr. Ferrell knowingly and voluntarily pled guilty to two counts of drug possession. Therefore, under West Virginia Code Section 60A-4-401(c), the circuit court could not have given Mr. Ferrell a sentence greater than one year in prison. We also note that there is no life recidivist sentence for mere possession of illegal drugs. Therefore, under our holding in Syllabus Point 3 in *Booth*, the proportionality clause does not apply to this case. Furthermore, because the circuit court stayed within the statutory limits of West Virginia Code Section 60A-4-401(c), its sentencing order is not subject to appellate review. *See* Syl. Pt. 3, *Booth*.

Nevertheless, Mr. Ferrell essentially argues that the circuit court should have treated the two counts to which he pled guilty as if they were one count because they were based on him possessing two different drugs. He argues that the circuit court's failure to do so violated *State v. Barnett*, 168 W.Va. 361, 284 S.E.2d 622 (1981). Our holding in *Barnett* provides: "delivery of two controlled substances at the same time and place to the same person is one offense *under our double jeopardy clause . . .* separate convictions and punishments *would violate our double jeopardy clause.*" *Id.*, 168 W.Va. at 365, 284 S.E.2d at 624 (emphasis added). However, *Barnett* only applies to a criminal defendant's rights under the double jeopardy clause, which Mr. Ferrell waived.[4] We see no reason to extend our holding in *Barnett* to this present case, where we are asked to determine whether the circuit court violated the proportionality clause. Accordingly, Mr. Ferrell's assertion that the court erred in sentencing him on both counts to which he pled guilty is without support.

---

[3] Mr. Ferrell concedes that he waived the right to appeal his conviction on double jeopardy grounds when he accepted the plea agreement. He also concedes that his sentence falls within the statutory limitations of West Virginia Code Section 60A-4-401(c).

[4] *See* Syl. Pt. 2, *State v. Coles*, 234 W.Va. 132, 763 S.E.2d 843 (2014) ("If a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double jeopardy grounds.").

Mr. Ferrell also notes that recidivist penalties under West Virginia Code Section 60A-4-408(a) [1971],[5] do not apply to simple possession of a controlled substance under West Virginia Code Section 60A-4-401(c). We agree. However, the circuit court did not base its sentencing order on West Virginia Code Section 60A-4-408(a), nor did it double Mr. Ferrell's penalty on either of the counts to which he pled guilty. The circuit court did not apply any recidivist penalty against Mr. Ferrell. Rather, its sentencing order stayed within the limits provided in West Virginia Code Section 60A-4-401(c).

There is no basis on which to find that the circuit court violated Mr. Ferrell's rights under the proportionality clause. Mr. Ferrell's sentence comports with statutory guidelines found in West Virginia Code Section 60A-4-401(c). Mr. Ferrell pled guilty to two misdemeanor offenses of possession of a controlled substance. The circuit court judge thoroughly explained the charges against Mr. Ferrell. Mr. Ferrell stated that he understood the charges against him and comprehended that he could be sentenced up to one year in jail. His plea was willful and voluntary. Mr. Ferrell received a substantial benefit for his plea agreement in that six felony charges disappeared, and he received, and accepted an offer to plead guilty to two misdemeanor offenses.

For the foregoing reasons, the September 22, 2014, order by the Circuit Court of Calhoun County, sentencing Mr. Ferrell to one year in the regional jail to be run consecutively, is hereby affirmed.

Affirmed.

**ISSUED**: June 22, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Under West Virginia Code Section 60A-4-408(a), a circuit court may double a criminal defendant's sentence when he/she has been convicted "of a second or subsequent offense under this chapter." West Virginia Code Section 60A-4-408(c) provides "This section does not apply to offenses of [possession of illegal drugs under West Virginia Code Section 60A-4-401(c)]."

4