# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0731** (Webster County 14-F-3)

 **David Wilson, Defendant Below,
Petitioner**

**FILED**

September 21, 2015
**released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF**

### MEMORANDUM DECISION

Petitioner, David Wilson, by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's May 14, 2014, order that sentenced him to a total of three to thirty-five years in prison for one count of possession with intent to deliver illegal drugs and one count of conspiracy to deliver illegal drugs. Respondent, the State of West Virginia ("the State"), by counsel, Patrick Morrisey and Shannon Frederick Kiser, filed a response. On appeal, Mr. Wilson argues that the circuit court erred in imposing an excessive sentence upon him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 11, 2014, Mr. Wilson was indicted for four counts of possession with intent to deliver a controlled substance, one count of conspiracy to deliver a controlled substance, and one count of prohibited person in possession of a firearm.[1] However, Mr. Wilson entered into a plea agreement with the State of West Virginia. The plea agreement called for Mr. Wilson to plead no contest to one count of possession with intent to deliver illegal drugs and one count of conspiracy to deliver illegal drugs, both of which are felonies. In return, the State would dismiss the remaining charges and remain silent during Mr. Wilson's sentencing. During his pretrial hearing, the circuit court informed Mr. Wilson that his sentence for possession with intent to deliver could be doubled under West Virginia Code § 60A-4-408 due to a prior drug felony conviction.[2] Mr. Wilson entered

---

[1] Mr. Wilson possessed methamphetamine, hydrocodone, oxycodone, and buprenorphine at the time of his arrest.

[2] West Virginia Code § 60A-4-408 allows circuit courts to double a criminal defendant's sentence whenever he/she has been convicted of a previous crime. Mr. Wilson was previously convicted of possession and delivery of methamphetamine.

1

the plea of no contest arguing that he wished to plead guilty to limit his sentencing exposure but that he possessed the narcotics for his own personal consumption and not for distribution.

At Mr. Wilson's sentencing hearing, he asked the circuit court for, "either probationary or a home confinement situation, where he could seek outpatient treatment" or "reconsideration of sentence so that he [could] get into a program for drug treatment." In addition, Mr. Wilson requested that the circuit court forego enhanced sentencing based upon his prior qualifying drug felony.

In a sentencing order dated May 12, 2014, the circuit court gave Mr. Wilson the maximum sentence on both counts against him. Furthermore, the circuit court applied West Virginia Code § 60A-4-408 to double his sentence on the count of possession with intent to deliver illegal drugs. Therefore, he received a sentence of two to thirty years for possession with intent to deliver illegal drugs and one to five years for conspiracy. The circuit court ran the two sentences consecutively, totaling three to thirty-five years in prison. In its order, the circuit court noted that Mr. Wilson had a previous felony conviction and that he "failed to accept responsibility in regards to this case, not only by his no contest plea, but by his statements" in which he denied that he kept the drugs for distribution. Thus, alternative sentencing of Mr. Wilson was not suitable.

Mr. Wilson appeals the circuit court's sentencing and requests that we remand the case to the circuit court for further proceedings.

Our standard of review in regards to sentencing orders is set forth in Syllabus Point 1 of *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997), which provides: "[t]he Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."

On appeal, Mr. Wilson argues that, by giving him the maximum sentence for each count and by running all sentences consecutively, the circuit court violated the proportionality principles set forth in Syllabus Points 8-10 of *State v. Hargus*, 232 W. Va. 735, 653 S.E.2d 893 (2013), which provide:

> 8. "A criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution." Syl. Pt. 7, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

> 9. "Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense." Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983).

10. "In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

Upon review, we find that Mr. Wilson failed to put forth sufficient evidence that the circuit court abused its discretion, and that he misconstrues Syllabus Points 8-10 of *Hargus*.

The circuit court based its decision to double Mr. Wilson's sentence on West Virginia Code § 60A-4-408. This court has held that West Virginia Code § 60A-4-408 is constitutional, so long as the conviction used for purposes of enhancement occurs prior to the enhanced or doubled conviction. *See generally State v. Rutherford*, 223 W. Va. 1, 672, S.E.2d 137 (2008).[3] Therefore, the circuit court did not violate Mr. Wilson's rights under the proportionality clause by applying West Virginia Code § 60A-4-408 to double his sentence.

Additionally, Mr. Wilson's sentence is not "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity[.]" Syl. Pt. 9. *Hargus*. Mr. Wilson was arrested for the possession of four illegal drugs. Likewise, he originally faced six felony charges for his criminal acts. If Mr. Wilson had not accepted the plea agreement, he could have been sentenced up to 120 years in prison. Despite Mr. Wilson's statement that the narcotics were for personal consumption, he pled no contest to one count of conspiracy to deliver illegal drugs, which suggests otherwise. Further, Mr. Wilson was previously incarcerated for possession and delivery of methamphetamine.

In an effort to combat drug use and abuse in West Virginia, the State Legislature gave the circuit court power to impose an enhanced sentence through the clear language of West Virginia Code § 60A-4-408. Mr. Wilson's use and distribution of illegal drugs is an example of the behavior the Legislature intended to prevent.

There is no basis to find that the circuit court imposed an excessive sentence in light of the circumstances of Mr. Wilson's case. Mr. Wilson's sentence comports with statutory guidelines found in West Virginia Code § 60A-4-408, and as we have held: "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). *See also State v. Sugg*, 193 W. Va. 388, 406, 456 S.E.2d 469, 489 (1995) ("we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute."). Mr. Wilson pled no contest to two felonies. The circuit court judge explained that his sentence for possession with intent to deliver could be doubled due to a prior drug felony conviction. Mr. Wilson

---

[3] *See also State v. Adkins*, 168 W. Va. 330, 284 S.E.2d 619 (1981); *State v. Barnett*, 168 W. Va. 361, 284 S.E.2d 622 (1981); *Daye v. McBride*, 222 W. Va. 17, 658 S.E.2d 547 (2007).

received a substantial benefit for his plea agreement in that four felony charges disappeared, and he received, and accepted an offer to plead guilty to two felony offenses.

For the foregoing reasons, the May 12, 2014, order by the Circuit Court of Webster County, sentencing Mr. Wilson to three to thirty-five years in prison, is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II