Cite as 2025 Ark. App. 522

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-833

|  |  |  |
|---|---|---|
| ROBERT DALE LANE | | Opinion Delivered October 29, 2025 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-24-160] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Robert Lane was convicted of failure to appear, a Class C felony, by a Saline County jury and sentenced to twenty-four years' incarceration in the Arkansas Division of Correction. On appeal he challenges two evidentiary rulings made by the circuit court concerning the prejudicial effect of the admitted evidence. We affirm.

On August 21, 2024, a bench warrant was issued for Lane for failing to appear for trial for possession of a controlled substance—more than two grams—and possession of drug paraphernalia, both Class D felonies. He was then charged with failing to appear and as a habitual offender. Lane was arrested that same evening. Lane moved to sever the failure-to-appear charge from the possession charges, and that was granted. This appeal strictly concerns the failure to appear.

Before trial, Lane asked that the State refrain from using the word "felony" when reading the information to the jury, and the State agreed. The court also agreed and, when reading the information, omitted the word "felony." However, the court's reading still included the following phrase: "the said defendant in Saline County did unlawfully and feloniously on or about August 6, 2024, after having been lawfully set at liberty for an offense, failed to appear in court without a reasonable excuse." (The original information stated that it was "for a felony offense.")

Then, at trial, the State called Kim Moore, the jury coordinator with the Saline County Clerk's Office. Through her, the State introduced the order to appear to no objection. She testified that on August 6, 2024, she was in the courtroom for trial around 8:15 a.m. and stayed until about 9:45 a.m., and in that time, the attorneys and jury were present and ready for trial, but Lane never appeared.

The next item sought to be introduced was the order to issue a warrant for Lane's arrest, and Moore stated that the two offenses Lane was supposed to be present for were possession of a controlled substance and possession of drug paraphernalia. Defense counsel objected. At the bench conference, counsel explained that he was "under the impression that we weren't going to mention the prior crimes." The State responded that it had to prove that it was a felony offense for which Lane failed to appear in order to prove the grade of the offense. (Failing to appear for Class A misdemeanor, for example, is also a Class A misdemeanor; relevant to Lane, failing to appear for a felony charge is a Class C felony.) The

court agreed, and the objection was overruled. The State rested, the defense's motion for directed verdict was denied, and Lane moved forward with his witness, Jeremy Davis.

Davis testified that he is the owner of Benton Fence Company, and Lane had been working for him since May. He said Lane was an excellent worker, always on time, and the hardest worker on the job. Davis testified that on August 6, Lane was at work. He had arrived around 7:30 that morning and worked until 4:00 that afternoon. Davis did not know that Lane had been scheduled for a jury trial that day. Lane rested, and the State sought to put on a rebuttal witness, Officer Tyler Freshour, who arrested Lane the evening of August 6, to testify to the circumstances surrounding the arrest.

Lane objected, arguing first that it was highly prejudicial, and second, that the arrest was too remote in time from the trial to be relevant. The court overruled the objection. Then Lane requested that he instead be allowed to stipulate that he was arrested that night and provided a false name to the officer. The State would not agree to the stipulation and asked to call the witness. The court ruled that the testimony of the officer was relevant, and the State proceeded.

Officer Freshour testified that he was working patrol for the Benton Police Department on August 6 when he pulled a vehicle over for running a stop sign. Lane was the passenger, but when asked for his identification, Lane gave the name "Richard Long" and a birthday of April 19, 1969. They could not get an identification on him, so they had Arkansas State Police come out with a fingerprint scanner. Lane refused to get out of the car to be identified. Lane was then arrested for obstructing government operations. Upon arrest,

3

the police found his wallet with an ID in it. At the jail, Lane told police he had drugs in his shoe. They found over ten grams of methamphetamine. The defense renewed its motions, everyone rested, and the matter was submitted to the jury.

The jury returned a guilty verdict. At sentencing, the jury heard testimony from a different police officer who said that he had encountered Lane in November 2023. Lane was having a medical episode, and the officer found suspected methamphetamine on Lane. Lane was ultimately arrested for possession of a controlled substance, Schedule II; possession of drug paraphernalia; and public intoxication. The State called Detective Nicholas Anderson, who testified about an encounter with Lane wherein he was called by Lane's parole officer following a home visit. Anderson found a "substantial amount of marijuana" on Lane, and Lane admitted he was planning to sell it. The State next called Brittney Cathey, Lane's parole supervisor. She testified that she supervised Lane for a conviction in Missouri. She said that since she had begun supervising Lane in 2021, he had had five instances of positive drug screens and one instance when he admitted drug use. The State then re-called Kim Moore, who testified that the county incurred $1020 in expenses for Lane's missed trial.

The State then introduced, without objection, fifteen exhibits documenting Lane's criminal history, with the earliest being in 1995. These exhibits reflected multiple prior convictions in California, Missouri, and Arkansas, including offenses for possession of controlled substances, possession of drug paraphernalia, forgery, receiving stolen property, and being under the influence of a controlled substance. The exhibits further included

4

convictions in Missouri for delivery or possession of a weapon in a county jail and armed criminal action.

The defense recalled Jeremy Davis, who testified that while he knew Lane had "a past," he wanted to give him a chance and judge him by his work ethic, which he said was excellent. Davis said Lane got along with the other employees, and Davis even paired his own son with Lane one day "you know, to show, [h]ere's how you work; here's [ ] how you really work." Lane also called his nephew, who testified that Lane was a "person who lived on the streets" but was a fundamentally good person. Finally, he called Carter Gaston, who testified that Lane was like a father to him, and Lane was a good person who would help anyone.

At the conclusion of the evidence, the jury was instructed that Lane is a habitual offender, convicted of four or more felonies, and if convicted, mandates a term of no less than three and no more than thirty years. The jury returned a verdict of twenty-four years in the Arkansas Division of Correction.

Lane appeals. On appeal, he argues that the circuit court erred when it allowed evidence of his prior felony charges and again when it allowed the arresting officer to testify that he had methamphetamine in his pocket when he was arrested.

Lane challenges both of these errors as prejudicial and asserts that the circuit court abused its discretion when admitting the evidence.

Arkansas Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of

5

the action more probable or less probable than it would be without the evidence." *Pafford v. State*, 2017 Ark. App. 700, at 12, 537 S.W.3d 302, 310.

The most general rule of evidence is that all relevant evidence is admissible. Ark. R. Evid. 402. The circuit court is vested with great discretion in determining the relevancy of evidence, and this court will not overturn the circuit court's decision unless it constitutes clear error or a manifest abuse of discretion. *Decay v. State*, 2009 Ark. 566, at 8, 352 S.W.3d 319, 326.

Ark. R. Evid. 403, provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

While considering evidence and testimony under Ark. R. Evid. 403, it is well established that prejudicial evidence may be introduced, but it should be excluded if the danger of unfair prejudice substantially outweighs the probative value of the evidence. The fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence. *Branstetter v. State*, 346 Ark. 62, 74, 57 S.W.3d 105, 113 (2001).

"A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been…[l]awfully set at liberty upon condition that he or she appear at a specified time, place, and court." Ark. Code Ann. § 5-54-120(b)(2) (Supp. 2023). "Failure to appear is [a] Class C felony if the required appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination

of guilt of the felony charge." Ark. Code Ann. § 5-54-120(c)(1). Therefore, whether the trial for which Lane failed to appear was a felony trial was a "fact that is of consequence to the determination of the action." *Pafford*, 2017 Ark. App. 700, at 12, 537 S.W.3d at 310. This is extremely probative, and we therefore hold that it was not erroneous to admit the same.

Nor did the circuit court err when it allowed Officer Freshour to testify to the details surrounding Lane's arrest on the evening of August 6, 2024. Lane had put on evidence that he had gone to work that day instead of trial. Lane explains that the time of his arrest was too far removed from the time of trial to have any bearing on whether he missed his trial without a reasonable excuse. Whether he had drugs on him at the time of the arrest, he explains, was irrelevant. Lane offered to stipulate that he was arrested the evening he was to appear at trial and gave a false name to officers.

The circuit court concluded that the details of Lane's arrest were highly relevant, particularly his use of a false name. Under the doctrine of res gestae, the State may introduce evidence showing all the circumstances surrounding the charged act because this provides context to the crime and places the jury in possession of the entire transaction. *Smith v. State*, 2025 Ark. 26, at 12, 708 S.W.3d 336, 346. It is well settled that the acts, conduct, and declarations of the accused, before and after the crime, may furnish necessary corroboration, *id.*, and the use of a false name after the commission of a crime is commonly accepted as relevant to show consciousness of guilt. *Turner v. State*, 64 Ark. App. 216, 220, 984 S.W.2d 52, 54 (1998).

The State is entitled to place its case before the jury "as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault." *Collins v. State*, 2020 Ark. 371, at 7–8, 610 S.W.3d 653, 657. Lane's arrest that evening was therefore part of the same story as his failure to appear.

In *Smith*, the appellant argued that the circuit court abused its discretion by admitting evidence that he possessed a firearm when he was arrested in Kansas (he was on trial in Jefferson County for charges associated with a drive-by shooting). Before trial, Smith requested that the court exclude this evidence, claiming that it was irrelevant because the gun was not shown to be connected to this case. *Smith v. State*, 2025 Ark. 26, at 10, 708 S.W.3d 345. Our supreme court, however, concluded that the circuit court did not abuse its discretion because the evidence of the firearm was inextricably intertwined with the circumstances of Smith's flight and arrest and therefore admissible as res gestae. *Id.* at 12–13, 708 S.W.3d at 346–47.

Like Smith's firearm, then, Lane's drugs are also inextricably intertwined with the circumstances of Lane's providing a false name and arrest and were therefore admissible as res gestae. As to Lane's suggestion that the stipulation should have sufficed, the State is entitled to prove its case by evidence of its own choosing, and a defendant may not stipulate or admit his way out of the full evidentiary force of the State's case. *Collins*, 2020 Ark. 371, at 7, 610 S.W.3d at 657. Accordingly, the circuit court did not abuse its discretion in allowing Officer Freshour to testify to the events surrounding Lane's arrest.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen.; and *Mallory Wood*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.