# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**September 2023 Term**

_____

No. 22-0023

_____

**FILED**

**October 16, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent,**

**V.**

**CHARLES LEE FINLEY,**
**Defendant Below, Petitioner.**

_____

**Appeal from the Circuit Court of Wayne County**
**The Honorable Jason J. Fry, Judge**
**Case No. 21-F-137**

**VACATED and REMANDED**

_____

**Submitted: March 28, 2023**
**Filed: October 16, 2023**

Juston H. Moore, Esq.
Juston H. Moore, PLLC
Wayne, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
R. Todd Goudy, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorney for the Respondent

**JUSTICE BUNN delivered the Opinion of the Court.**

**JUSTICE WOOTON concurs in part and dissents in part and may write separately.**

**SYLLABUS BY THE COURT**

1. "This Court's application of the plain error rule in a criminal prosecution is not dependent upon a defendant asking the Court to invoke the rule. We may, sua sponte, in the interest of justice, notice plain error." Syllabus point 1, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998).

2. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syllabus point 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

3. "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syllabus point 8, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953).

4. For the purposes of West Virginia Code § 60A-10-4(d) (eff. 2012), completed methamphetamine is not "a substance containing ephedrine, pseudoephedrine or phenylpropanolamine or their salts, optical isomers or salts of optical isomers in a state or form which is, or has been altered or converted from the state or form in which these chemicals are, or were, commercially distributed."

i

**BUNN, Justice:**

Petitioner Charles Lee Finley appeals the Circuit Court of Wayne County's January 3, 2022 order denying his motion to dismiss a count in an indictment charging him with possession of pseudoephedrine in an altered state, a felony in violation of West Virginia Code § 60A-10-4(d). Mr. Finley ultimately pled nolo contendre (no contest), via a conditional plea agreement, to attempt to possess pseudoephedrine in an altered state. He was sentenced to one to three years imprisonment for that crime. In this appeal, Mr. Finley claims that the circuit court erred in denying his motion to dismiss because (1) the charges against him violated double jeopardy, and (2) the statute criminalizing possession of altered precursors of methamphetamine does not apply when completed methamphetamine is the only substance at issue. We need not reach a conclusion regarding the circuit court's purported error on the motion to dismiss. Instead, we find that the circuit court plainly erred by finding a factual basis for the plea to attempt to possess pseudoephedrine in an altered state, when the evidence was that Mr. Finley possessed methamphetamine. We vacate Mr. Finley's conviction of attempt to possess pseudoephedrine in an altered state and remand the case further proceedings.

### I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Finley allegedly received or transferred a stolen vehicle then fled on foot from law enforcement in September 2020. After he was arrested and then released on bond, he failed to appear at the Wayne County Circuit Court to answer those charges until July

1

2021. When he was taken into custody for his previous failure to appear, law enforcement searched Mr. Finley and a deputy sheriff found approximately 3.3 grams of what appeared to be methamphetamine in a small bag in his shoe.

In November 2021, a grand jury returned a four-count indictment against Mr. Finley relating to the two events.[1] Of relevance to this appeal, Count Three alleged that Mr. Finley possessed a controlled substance, methamphetamine, with intent to deliver, in violation of West Virginia Code § 60A-4-401(a)(i), while Count Four alleged that Mr. Finley possessed pseudoephedrine in an altered state, in violation of West Virginia Code § 60A-10-4(d) (the "altered precursor felony").[2] Counts Three and Four were felonies.

Mr. Finley filed a motion to dismiss Count Four, based primarily on the evidence that a sheriff's deputy found 3.3 grams of methamphetamine in his shoe and no other substances. In his motion, Mr. Finley acknowledged that he could be found guilty of Count Three, possession with intent to deliver, depending on the success of his defense that he only possessed the methamphetamine for his personal use, a misdemeanor under West Virginia Code § 60A-4-401(c). He argued that Count Four violated double jeopardy,

---

[1] The first two counts of the indictment included Count One, receiving or transferring a stolen vehicle, in violation of West Virginia Code § 17A-8-5, and Count Two, fleeing other than in a vehicle, in violation of West Virginia Code § 61-5-17(d). While Count One was a felony, Count Two was a misdemeanor.

[2] For Count Four, the indictment did not list subsection (d) of West Virginia Code § 60A-10-4, although the indictment tracked its language.

focusing on the fact that the State only had evidence of possession of methamphetamine and noting that, should his personal use defense be successful, the State's charges still exposed him to a finding of guilt of both the misdemeanor crime of simple possession of methamphetamine, and the felony crime of possession of altered pseudoephedrine, a substance used to make methamphetamine. He further argued that altered precursor felony in Count Four was inapplicable because "there is no evidence that Mr. Finley knowingly possessed pseudoephedrine or another designated precursor with the intent to use it in the manufacture of methamphetamine." The circuit court denied his motion, finding that double jeopardy would not apply to the two convictions.

The parties subsequently entered into a plea agreement where Mr. Finley agreed, in relevant part, to enter conditional no contest pleas to the felony offenses of: (1) attempt to commit possession with intent to deliver methamphetamine; and (2) attempt to commit possession of pseudoephedrine in an altered state.[3] The plea agreement described those offenses as "lesser included offenses" to Counts Three and Four of the

---

[3] West Virginia Rule of Criminal Procedure 11(a)(2) allows a defendant to enter "a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion" with the approval of the court and consent of the State. Pursuant to this Rule, "[a] defendant who prevails on appeal shall be allowed to withdraw the plea." W. Va. R. Crim. P. 11(a)(2). Mr. Finley also agreed to plead no contest to attempt to commit possession of a stolen vehicle, relating to Count One of the Indictment, and the State agreed to dismiss Count Two.

Indictment, respectively, and noted that both offenses "carr[ied] a potential sentence of not less than one (1) nor more than three (3) years." The plea agreement provided that:

> The conditional pleas on Count [Three] and Count [Four] is [sic] being made with the consent of the State, and [Mr. Finley] reserves the right to appeal his convictions for Possession with Intent to Deliver Methamphetamine and Possession of Pseudoephedrine in an Altered State. Should Mr. Finley prevail on appeal, he shall be allowed to withdraw his NO CONTEST pleas to Count [Three] and Count [Four]. At that time he will be permitted to enter a GUILTY plea to Simple Possession, a misdemeanor, which carries a potential sentence of not less than 90 days nor more than six (6) months, or fined not more than $1,000, or both fined and confined. Furthermore, should Mr. Finley prevail on appeal, the State would agree to DISMISS Count 4 of the Indictment.

When addressing Count Four during the plea hearing, the circuit court requested that the State provide the facts "to support a conviction for Attempt to Possess Pseudoephedrine in an Altered State[.]" The State responded that a sheriff's deputy searched Mr. Finley "and discovered in his shoe what was believed to be [m]ethamphetamine," that the substance was sent to a lab, and a forensic scientist from the West Virginia State Police Laboratory would testify that "[m]ethamphetamine does, in fact, contain [p]seudoephedrine in an altered state."[4] The court found that the State's recitation

---

[4] This portion of the Opinion merely recites the facts in the record. Without delving into the variety of methods used to manufacture methamphetamine or considering the accuracy of the evidence before the circuit court, we note that not all methamphetamine contains pseudoephedrine. *See* Drug Enf't Agency, DEA-DCT-DIR-008-21, *2020 Drug Enforcement Administration National Drug Threat Assessment* 21 (March 2021) (explaining that some transnational criminal organizations "produce methamphetamine

established an adequate factual basis for Mr. Finley's plea to Count Four[5] and "adjudicate[d] [Mr. Finley] guilty of . . . Attempt to Possess Pseudoephedrine in an Altered State, in violation of West Virginia Code § 61-11-8, the lesser of Count [Four]."[6] Mr. Finley also pled no contest to attempt to commit the offense of possession of a stolen vehicle. The circuit court sentenced Mr. Finley on December 20, 2021, to concurrent sentences for all three convictions: one to three years for attempt to commit the felony of receiving or transferring a stolen vehicle; one to three years for attempt to commit the felony of possession of a Schedule II controlled substance, methamphetamine, with intent

---

using the reductive amination method, which employs the precursor phenyl-2-propanone (P2P) instead of pseudoephedrine").

[5] The circuit court also found a factual basis for Mr. Finley's plea to attempt to commit possession with intent to deliver methamphetamine, supported by similar facts.

[6] West Virginia Code § 61-11-8, in relevant part, states:

> Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows:
>
> . . . .
>
> (2) If the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.

to deliver; and one to three years for attempt to commit the altered precursor felony.[7] This appeal followed.

## II.

## STANDARD OF REVIEW

Mr. Finley did not raise the factual basis of his conditional nolo contendre plea as grounds for his appeal, however, "[t]his Court's application of the plain error rule in a criminal prosecution is not dependent upon a defendant asking the Court to invoke the rule. We may, sua sponte, in the interest of justice, notice plain error." Syl. pt. 1, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998). "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).[8]

---

[7] The circuit court filed the related sentencing order on January 3, 2022.

[8] We use the plain error doctrine "sparingly and only in those circumstances where substantial rights are affected, or the truth-finding process is substantially impaired, or a miscarriage of justice would otherwise result." Syl. pt. 4, in part, *State v. England*, 180 W. Va. 342, 376 S.E.2d 548 (1988). However, this case arises from a conditional plea based upon the circuit court's denial of Mr. Finley's motion to dismiss a count of the indictment. A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists. *See* W. Va. R. Crim. P. 12(b)(1) (regarding pretrial motions). Therefore, we review Mr. Finley's conviction for plain error based on the factual basis for his plea rather than reviewing the circuit court's order denying Mr. Finley's motion to dismiss, which could not raise such factual issues.

Because the issue on appeal concerns the interpretation of a statute, we apply a de novo standard of review. Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

# III.

# DISCUSSION

We address each of the plain error factors in turn. First, an error occurred, as no factual basis existed for Mr. Finley's no contest plea to attempt to commit the altered precursor felony. Our conclusion rests on our interpretation of the second half of West Virginia Code § 60A-10-4(d) and whether the substance listed in the subsection may be completed methamphetamine rather than a substance containing altered pseudoephedrine.

Here, the circuit court requested that the state provide a factual basis for the plea. *See* W. Va. R. Crim. P. 11(f) (explaining that the court "should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea"). To find a factual basis for a plea, the court must be satisfied that a factual basis for all elements of the crime exist. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). While a court need not have a trial at a plea hearing, the court must be satisfied that every element of the offense of conviction is met. *Id.* (considering the federal counterpart to West Virginia Rule of Criminal Procedure 11(f) and finding that the court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion

7

that the defendant committed all of the elements of the offense"). *See also State v. Cabell*, 176 W. Va. 272, 276, 342 S.E.2d 240, 244 (1986) ("The court must also be satisfied that the plea is voluntary as required by Rule 11(d) and that there is a factual basis for it under Rule 11(f)."). The factual basis requirement "is designed 'to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *See United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007) (quoting Fed. R. Crim. P. 11 advisory committee's notes (1966)).

Here, to enter judgment on the plea to attempt to possess altered pseudoephedrine, the court should have found that two elements existed for a crime of attempt: "'(1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime.'" Syl. pt. 1, in part, *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991) (quoting Syl. pt. 2, in part, *State v. Starkey*, 161 W. Va. 517, 244 S.E.2d 219 (1978), *overruled on other grounds by State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995)).[9] The underlying substantive crime was a violation of West Virginia Code § 60A-10-4(d), which criminalizes the possession of altered pseudoephedrine:

---

[9] Regarding the elements of attempt, "'specific intent' means that the defendant consciously intends the completion of the acts comprising the choate offense, in that completion of such acts is the defendant's purpose." 21 Am. Jur. 2d Criminal Law § 150 (2016).

> any person . . . who knowingly possesses a substance containing ephedrine, pseudoephedrine or phenylpropanolamine or their salts, optical isomers or salts of optical isomers in a state or form which is, or has been altered or converted from the state or form in which these chemicals are, or were, commercially distributed is guilty of a felony . . . ."

However, the State only proffered evidence that Mr. Finley possessed completed methamphetamine and proffered no evidence of (1) Mr. Finley's specific intent to possess altered pseudoephedrine, or (2) Mr. Finley's commission of any overt acts toward the possession of altered pseudoephedrine. As explained below, under the limited circumstances of this case, the proffered facts cannot support a finding that Mr. Finley had the *specific intent* to commit a violation of West Virginia Code § 60A-10-4(d)—the possession of pseudoephedrine in an altered state—when the State's only evidence was his possession of completed methamphetamine.

We examine the language of West Virginia Code § 60A-10-4(d) to reach our conclusion regarding the factual basis for the plea. When interpreting a statute, we first consider whether the language of the statute is plain. Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). *See also* Syl. pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its

9

plain meaning is to be accepted and applied without resort to interpretation."). However, if a statute is ambiguous, making it "susceptible of two or more constructions," we must construe the statute before it is applied. *Sizemore v. State Farm Gen. Ins. Co.*, 202 W. Va. 591, 596, 505 S.E.2d 654, 659 (1998) (quoting *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949)). West Virginia Code § 60A-10-4(d) is susceptible of two constructions. The State argues that the plain language of the statute "envisions the prosecution of methamphetamine as an altered precursor," as technically methamphetamine can contain altered, enumerated precursors. Mr. Finley instead claims that completed methamphetamine is not an altered precursor and argues that the statute focuses on conduct relating to manufacturing methamphetamine or possessing its components. As the statute is ambiguous, we therefore must construe the second half of West Virginia Code § 60A-10-4(d).

When construing an ambiguous statute, first we look to the intent of the Legislature. "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syl. pt. 8, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953). West Virginia Code § 60A-10-4(d) is located within the Methamphetamine Laboratory Eradication Act, West Virginia Code §§ 60A-10-1 to -16, which recognizes the problems relating to the "illegal production and distribution of methamphetamine" in West Virginia. W. Va. Code § 60A-10-2(a). The Act, initially passed in 2005, explains that methamphetamine "can be manufactured in small and portable laboratories,"

§ 60A-10-2(b), and resolves that "restricting access to over-the-counter drugs used to facilitate production of methamphetamine is necessary to protect the public safety of all West Virginians." § 60A-10-2(f). The Legislature sets forth numerous crimes relating to substances—precursors—that can be used to make methamphetamine in West Virginia Code § 60A-10-4, titled "Purchase, receipt, acquisition and possession of substances to be used as precursor to manufacture of methamphetamine or another controlled substance; offenses; exceptions; penalties." A precursor, pursuant to the Act, "means any substance which may be used along with other substances as a component in the production and distribution of illegal methamphetamine." W. Va. Code § 60A-10-3(k). As explained above and relevant to this appeal, the second half of West Virginia Code § 60-10-4(d) criminalizes the knowing possession of certain substances, including altered pseudoephedrine, that individuals can use to make methamphetamine.[10]

When examining the statute, this Court may not "arbitrarily read into a statute that which it does not say." Syl. pt. 11, in part, *Brooke B. v. Ray C.*, 230 W. Va. 355, 738 S.E.2d 21 (2013). Certainly, at times completed methamphetamine may contain one of the enumerated altered precursors. Yet, the second half of West Virginia Code § 60A-10-4(d) specifically punishes the knowing possession of an *enumerated* altered precursor: "a

_____

[10] Although not at issue in this appeal, the first portion of West Virginia Code § 60A-10-4(d) criminalizes the knowing possession of "any amount of ephedrine, pseudoephedrine, phenylpropanolamine or other designated precursor with the intent to use it in the manufacture of methamphetamine."

substance containing ephedrine, pseudoephedrine or phenylpropanolamine or their salts, optical isomers or salts of optical isomers in a state or form which is, or has been altered or converted from the state or form in which these chemicals are, or were, commercially distributed." W. Va. Code § 60A-10-4(d). Furthermore, as we have explained, the statutory scheme creating the altered precursor felony focuses on the *manufacture* of methamphetamine, not the finished product. The statute's title specifically addresses the "possession of substances to be used as *precursor* to manufacture of methamphetamine." (Emphasis added). While subsection (d) lists substances that are common precursors used to manufacture methamphetamine, this list does not include the finished product of methamphetamine. The Legislature's definition of precursor in the Methamphetamine Laboratory Eradication Act as a component, rather than the finished product, also supports our conclusion. *See* W. Va. Code § 60A-10-3(k). In sum, rather than prohibiting the possession of methamphetamine, the second portion of West Virginia Code § 60A-10-4(d) focuses on precursors and prohibits the knowing possession of enumerated altered substances used to *manufacture* methamphetamine. West Virginia Code § 60A-10-4(d) does not punish the possession of completed methamphetamine, and "we are obliged not to add to statutes something the Legislature purposely omitted." *See* Syl. pt. 11, in part, *Brooke B.*, 230 W. Va. 355, 738 S.E.2d 21.

A statutory scheme criminalizing the possession of methamphetamine in another article of Chapter 60A of the Code bolsters our conclusion. This Court reads and

12

applies statutes relating to the same subject matter together, "'so that the Legislature's intention can be gathered from the whole of the enactments.'" Syl. pt. 1, in part, *State ex rel. Hall v. Schlaegel*, 202 W. Va. 93, 502 S.E.2d 190 (1998) (quoting Syl. pt. 3, in part, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975)). Separate statutes punish the crimes of simple possession and possession with intent to deliver methamphetamine. West Virginia Code § 60A-4-401(c) punishes the simple possession of methamphetamine as a misdemeanor,[11] while West Virginia Code § 60A-4-401(a)(i) punishes the manufacture, delivery, or possession with intent to manufacture or deliver methamphetamine as a felony. Thus, the statutes criminalizing (1) simple possession and felony possession with intent to deliver *completed methamphetamine* and (2) the knowing possession of enumerated, altered precursors used in the *production* of methamphetamine are separate and distinct crimes. Reading the statutes criminalizing possession of methamphetamine and possession of precursors that create methamphetamine together shows the second half of West Virginia Code § 60A-10-4(d) only refers to substances containing the enumerated altered precursors, not completed methamphetamine.

---

[11] "It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this act. Any person who violates this subsection is guilty of a misdemeanor . . . ." W. Va. Code § 60A-4-401(c). Methamphetamine is a Schedule II controlled substance. W. Va. Code § 60A-2-206(d) (listing Schedule II controlled substances).

13

The State's preferred interpretation of West Virginia Code § 60A-10-4(d) transforms the misdemeanor possession of methamphetamine into a felony, if the methamphetamine was made from pseudoephedrine or another enumerated substance. We must "'disregard a construction'" of the statute that would "'lead to injustice and absurdity.'" Syl. pt. 2, in part, *Conseco Fin. Servicing Corp. v. Myers*, 211 W. Va. 631, 567 S.E.2d 641 (2002) (quoting Syl. pt. 2, in part, *Click v. Click*, 98 W. Va. 419, 127 S.E. 194 (1925)). *See also* Syl. pt. 5, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974) (requiring that statutes relating to the same subject "'are to be read and construed together'" (quoting Syl. pt. 1, in part, *Delardas v. Morgantown Water Comm'n*, 148 W.Va. 776, 137 S.E.2d 426 (1964)). Punishing the same conduct—possession of methamphetamine—as both a misdemeanor under West Virginia Code § 60A-4-401(c) and a felony under West Virginia Code § 60A-10-4(d) would lead to injustice and absurdity. The Legislature determined that simple possession of methamphetamine is a misdemeanor, while possession of methamphetamine with intent to deliver, a felony, requires proof of additional facts. *See State v. Zaccagnini*, 172 W. Va. 491, 500, 308 S.E.2d 131, 140-41 (1983) (explaining that possession with intent to deliver a controlled substance "is largely a factual question and conviction may be sustained under a variety of different facts" while simple possession is a misdemeanor). *See also State v. Drake*, 170 W. Va. 169, 173, 291 S.E.2d 484, 488 (1982) (noting courts have found that the State can prove possession with intent to deliver a controlled substance by varied circumstances, including "the quantity of the controlled substance possessed and the presence of other paraphernalia customarily

14

used in the packaging and delivery of controlled substances"). An interpretation of West Virginia Code § 60A-10-4(d) that causes misdemeanor possession of methamphetamine to be a felony is not in harmony with the statutes criminalizing the possession, distribution, or production of methamphetamine.

For these reasons, we hold that, for the purposes of West Virginia Code § 60A-10-4(d) (eff. 2012), completed methamphetamine is not "a substance containing ephedrine, pseudoephedrine or phenylpropanolamine or their salts, optical isomers or salts of optical isomers in a state or form which is, or has been altered or converted from the state or form in which these chemicals are, or were, commercially distributed." Thus, the circuit court erred when it found that a factual basis existed for a plea to attempt to commit possession of pseudoephedrine in an altered state, as the only evidence before the court was Mr. Finley's possession of completed methamphetamine. The evidence proffered by the State failed to show any specific intent by Mr. Finley to possess altered pseudoephedrine or any overt acts toward committing that crime. *See* Syl. pt. 1, in part, *Burd*, 187 W. Va. 415, 419 S.E.2d 676.

Second, we find that this error was plain. Two types of plain error exist. The first type of plain error applies when "the plainness of the error is predicated upon legal principles that the litigants and trial court knew or should have known at the time of the prosecution." Syl. pt. 6, in part, *Myers*, 204 W. Va. 449, 513 S.E.2d 676. The second type

15

of plain error becomes "plain on appeal because the applicable law has been clarified." *Id.* The second type of plain error applies now that the Court has clarified the applicable law relating to West Virginia Code § 60A-10-4(d). *See* Syl. pt. 6, in part, *Myers*, 204 W. Va. 449, 513 S.E.2d 676.

Third, we find that the plain error affected Mr. Finley's substantial rights because the court convicted him of attempt to commit the altered precursor felony when the evidence proffered by the State did not support a factual basis for the conviction. Finally, and similarly, the error affected the fairness and integrity of the judicial proceedings, as the factual basis found by the circuit court did not support the conviction under these circumstances. *See Mastrapa*, 509 F.3d at 660-61.[12] *See also United States v. Carillo*, 860 F.3d 1293, 1307 (10th Cir. 2017) (determining that the lower court erred in finding a factual basis for the defendant's plea and concluding that "[t]here is no doubt that failing to correct that error would seriously affect the fairness and integrity of judicial proceedings").[13]

---

[12] Likewise, in *Nguyen v. State*, 299 P.3d 683, 689 (Wyo. 2013), the Wyoming Supreme Court reversed a lower court's finding that a factual basis existed for a plea and stated that "[o]ne of the purposes of the factual basis requirement is to protect a defendant who offers to plead guilty with an understanding of the charge but without realizing his conduct does not meet the definition of the crime charged."

[13] To the extent that the State argues that Mr. Finley's appeal is moot because he has discharged his sentence, we disagree. Without addressing the conditional plea agreement, we may presume that "a wrongful conviction has continuing collateral consequences." *Spencer v. Kemna*, 523 U.S. 1, 8, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998).

## IV.

## CONCLUSION

For the reasons stated above, this Court vacates the November 3, 2022 order sentencing Mr. Finley and remands this matter to the Circuit Court of Wayne County for further proceedings consistent with this opinion.

Vacated and Remanded.